# EXHIBIT

# 1



# Notice of Service of Process

**DB2 / ALL**
**Transmittal Number: 22607382**
**Date Processed: 01/25/2021**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Florida Insurance Company<br>Entity ID Number  3461654 |
| **Entity Served:** | State Farm Florida Insurance Company |
| **Title of Action:** | Lonnie Love vs. State Farm Florida Insurance Company |
| **Matter Name/ID:** | Lonnie Love vs. State Farm Florida Insurance Company (10845463) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fulton County State Court, GA |
| **Case/Reference No:** | DFS#: 21-000029688/N/A |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 01/25/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Chief Financial Officer in FL on 01/13/2021 |
| **How Served:** | Electronic SOP |
| Sender Information: | Jamie B. Hernan<br>678-275-4000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# This page inserted to separate pleadings



CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA



*21-000029688*

LONNIE LOVE

PLAINTIFF(S)

VS.

STATE FARM FLORIDA INSURANCE COMPANY

DEFENDANT(S)
_____ /

SUMMONS, COMPLAINT, EXHIBIT

| | |
|---|---|
| CASE #: | 0000 |
| COURT: | STATE COURT |
| COUNTY: | FULTON |
| DFS-SOP #: | 21-000029688 |

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said  process was received in my office by PROCESS SERVER on Wednesday, January 13, 2021 and a copy was forwarded by ELECTRONIC DELIVERY on Monday, January 25, 2021 to the designated agent for the named entity as shown below.

> STATE FARM FLORIDA INSURANCE COMPANY
> LYNETTE COLEMAN
> 1201 HAYS STREET
> TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

JAMIE B. HERNAN
ESQUIRE
THE HERNAN LAW FIRM, PC
10896 CRABAPPLE ROAD
ROSWELL, GA 30075

CF2

**This page inserted to separate pleadings**

State Court of Fulton County
**E-FILED**
20EV007743
12/23/2020 1:14 PM
Christopher G. Scott, Clerk
Civil Division

GEORGIA, FULTON COUNTY

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

2021 ___ ___ CIVIL ACTION FILE #: _____

CM237

JAN 1 3 2021

11:30 s

Lonnie Love
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

State Farm Florida Insurance Company
_____
Chief Financial Officer, 200 E. Gaines St.
_____
Tallahassee      FL        32399
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ TBD |
| [X] CONTRACT | |
| [ ] NOTE | INTEREST $ TBD |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ TBD |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ TBD |
| [ ] SPECIAL LIEN | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Jamie B. Hernan - The Hernan Law Firm

Address: 10896 Crabapple Road

City, State, Zip Code: Roswell, Georgia 30075                Phone No.: (678) 275-4000

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.       _____
                                                          DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____.       _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

RECEIVED AS STATUTORY REGISTERED AGENT on 13 January, 2021 and served on defendant or named party on 25 January, 2021 by the Florida Department of Financial Services

**This page inserted to separate pleadings**

State Court of Fulton County
\*\*E-FILED\*\*
20EV007743
12/23/2020 1:14 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

LONNIE LOVE

   Plaintiff,

vs.

STATE FARM FLORIDA INSURANCE
COMPANY

   Defendant.

Civil Action File Number:

_____

## COMPLAINT

NOW COMES PLAINTIFF LONNIE LOVE, by and through the undersigned counsel, and hereby files this Complaint against Defendant State Farm Florida Insurance Company (the "Defendant") for breach of contract, unfair trade practices, punitive damages, costs of litigation, and such other relief as this Court deems proper, as follows:

### NATURE OF THE CASE

1. This matter arises out of Defendant State Farm Florida Insurance Company's breaches of the terms of that certain Personal Articles Policy identified by policy number 59-CK-S034-0 (the "Policy," a copy of the policy documents are attached hereto as <u>Exhibit A</u> and incorporated herein), by which Plaintiff Lonnie Love insured certain personal property, and the unfair and discriminatory trade practices engaged in by Defendant in the processing of a claim for losses pursuant to the Policy.

### PARTIES

2. Plaintiff Lonnie Love is an individual who resides at times in the State of Florida and at times in the State of Georgia.

3. Defendant is a Florida Profit Corporation.

1

4. Defendant's registered agent according to the Florida Department of State is identified as Chief Financial Officer with an address of 200 E. Gaines St., Tallahassee, Florida 32399 (the "Registered Agent").

5. Defendant may be served as required by law including, without limitation, through the Registered Agent.

## JURISDICTION AND VENUE

6. The theft of personal property that is the basis of this action occurred in Fulton County, Georgia.

7. The injury to Plaintiff complained of herein occurred, at least in part, in Fulton County, Georgia.

8. Plaintiff has ties to Fulton County, Georgia.

9. Defendant has ties to Fulton County, Georgia.

10. Defendant conducts business directly, or indirectly through affiliates, in the State of Georgia including, without limitation, in Fulton County.

11. The mailing address listed on the Policy for Defendant is located in Atlanta, Georgia.

12. The office of Defendant's counsel handling the Claim that is the subject of this matter is located in the State of Georgia, in Fulton County.

13. The Claim that is the subject of this matter is being processed in the State of Georgia, in Fulton County.

14. Defendant has availed itself to the jurisdiction of the State of Georgia.

15. This court has jurisdiction over Defendant pursuant to all applicable law including, without limitation, O.C.G.A. § 9-10-91.

2

16. Venue is proper in this matter in this Court pursuant to all applicable law including, without limitation, O.C.G.A. § 9-10-33.

17. Venue is proper in this matter in this Court pursuant to all applicable law including, without limitation, O.C.G.A. § 9-10-93.

## FACTS AND CAUSES OF ACTION

18. On or about September 6, 2020, Plaintiff was the victim of a theft of his automobile and certain personal property contained in the vehicle (the "Theft").

19. The Theft occurred in a public place in front of numerous witnesses.

20. It is indisputable that Plaintiff's vehicle was stolen during the Theft.

21. It is also indisputable that the personal property of Plaintiff contained in his vehicle at the time of the Theft was also stolen.

22. The vehicle was later recovered; however, Plaintiff's personal property was missing from the recovered vehicle.

23. Amongst the personal property missing from the stolen vehicle, were three items of jewelry that were stolen from the vehicle: (i) a Rolex Oyster Perpetual Datejust II watch (the "Rolex Watch"), (ii) a diamond ring with a single 5.05cts diamond and additional diamonds (the "Diamond Ring"), and (iii) a diamond band ring with approximately 4.50cts diamonds (the "Band Ring," and collectively with the Rolex Watch and the Diamond Ring referred to herein as the "Jewelry Items").

24. The Jewelry Items were insured through the Policy.

25. The Rolex Watch has an appraised value of at least $29,200, as set forth in a written appraisal previously submitted to Defendant by Plaintiff (the "Rolex Appraisal").

26. Additional work had actually been done to the Rolex Watch subsequent to the issuance of the Rolex Appraisal, increasing the value of the Rolex Watch.

27. The Diamond Ring is the subject of GIA Report #5191985382.

28. The Diamond Ring has an appraised value of at least $98,500.00.

29. The Band Ring has an appraised value of at least $9,500.00.

30. The total value of the Jewelry Items is at least One Hundred Thirty-Seven Thousand, Two Hundred Dollars and Zero Cents ($137,200.00, the "Claim Value").

31. Following the theft of the Jewelry Items, Plaintiff filed a claim with Defendant pursuant to the Policy, identified as claim number 59-11P3-20M (the "Claim"), to recover the damages associated with the theft of the Jewelry Items.

32. For some unknown reason, which is suspected of being discriminatory in nature, Defendant immediately submitted the Claim to its special investigative unit.

33. From the outset of the adjustment of the Claim, Plaintiff was treated as a criminal rather than as a valued customer of Defendant.

34. The claims handler questioned Plaintiff regarding the timing of the Claim, referencing that the Policy had been established recently and suggesting that Plaintiff was acting fraudulently in the pursuit of the Claim.

35. Again, the Theft was a public event that occurred in front of many witnesses and is well documented by publicly available incident reports.

36. There is no waiting period related to claims filed pursuant to the Policy.

37. The timing of the establishment of the Policy is irrelevant, especially considering that the Theft occurred spontaneously in public in front of numerous witnesses.

38. There is no evidence to suggest that the Jewelry Items were not stolen in connection with the Theft.

39. The claims handler questioned Plaintiff regarding the delay in producing a supplemental report to the City of Atlanta Police Department; however, it was made clear to such claims handler that the delay was due to the COVID-19 related closure of the public office of the City of Atlanta Police Department's Central Records Unit and the fact that the reporting officer was unavailable to process the supplemental report.

40. The claims handler required that Plaintiff submit a Sworn Statement in Proof of Loss, which Plaintiff submitted in September 2020.

41. After receiving the necessary information to adjust the claim and make payment, and having no evidence to support a contention that the Jewelry Items were not stolen during the Theft, the claims handler instead assigned the Claim to an attorney in the State of Georgia to continue processing the Claim.

42. Defendant insisted that Plaintiff conduct an examination under oath.

43. Plaintiff objected to the need for the examination under oath; however, he provided the examination on November 5, 2020.

44. The examination under oath was conducted essentially as an interrogation.

45. Plaintiff was fully compliant with the requirements of the examination under oath and cooperated fully.

46. Defendant's counsel requested additional documentation by letter dated November 2, 2020 (the "First Document Request").

47. In the First Document Request, Defendant requested all personal tax returns for the years 2018 and 2019, all bank statements for the period of March 6, 2020 to September

6, 2020, all credit card statements for the period of March 6, 2020 to September 6, 2020, all personal cell phone service statements for September 2020, utility bills, mortgage statements, and lease agreements.

48. The First Document Request contained requests for mostly irrelevant documentation that was unnecessary for Defendant to process and value the claim.

49. Pursuant to Section 8 of the Policy, Plaintiff is required to "...produce such records as [Defendant] may need to verify the claim and its amount..."

50. At the time that Defendant submitted the First Document Request, Defendant had incident reports related to the Theft, photos of the Jewelry Items, appraisals of the Jewelry Items, authorization from Plaintiff to proceed with retaining a third party jeweler to provide a valuation of the Jewelry Items and a cost to replace the Jewelry Items, a sworn affidavit regarding the theft of the Jewelry Items, as well as other documentary evidence.

51. By letter dated November 10, 2020, Plaintiff requested that Defendant clarify how the documents requested in the First Document Request were relevant and required to be disclosed pursuant to the Policy.

52. In response, Defendant submitted a letter to Plaintiff dated December 1, 2020 (the "Second Document Request").

53. In the Second Document Request, Defendant asked for a substantially different set of irrelevant documentation that was unnecessary for Defendant to verify the claim and its amount.

54. Defendant has provided all of the relevant information requested by Defendant.

55. Despite the fact that months have passed since the initiation of the Claim, and the approval by Plaintiff of Solomon Brothers as a third party jeweler to provide a valuation of the Jewelry Items, upon information and belief, Defendant still has not retained Solomon Brothers, or any third party, to provide a valuation of the Jewelry Items (for replacement or direct compensation).

56. Upon information and belief, Defendant does not intend to pay Plaintiff for his damages owed pursuant to the Claim.

57. Upon information and belief, Defendant has constructively breached its obligations pursuant to the Policy and the processing of the Claim.

58. There was no valid reason for the Claim to be handled by Defendant's special investigative unit.

59. There was no valid reason for Defendant to delay the processing of the Claim by retaining an attorney to pursue an examination under oath of Plaintiff.

60. Defendant has acted in a way that clearly suggests that it suspects Plaintiff of submitting a fraudulent claim related to the Jewelry Items, which has no basis in fact.

61. There is no explanation for Defendant's treatment of Plaintiff.

62. Upon information and belief, the absence of any other explanation suggests that Defendant has treated Plaintiff in the manner described herein because of his race.

63. Upon information and belief, these actions are part of a pattern of behavior by Defendant.

64. Plaintiff is currently investigating, and will continue to investigate through discovery, the practices of Defendant with respect to customers that are people of color.

65. Upon information and belief, Defendant elected to submit the Claim to its special investigative unit and require an examination under oath, as well as request voluminous irrelevant documents, because it suspects Plaintiff of submitting a fraudulent claim, solely because of his race.

66. Defendant has refused to adjust the claim of Plaintiff as required by the Policy, and is in breach of the terms and conditions of the Policy.

67. Upon information and belief, Defendant has discriminated against Plaintiff because of his race.

68. Upon information and belief, the actions of Defendant constitute bad faith handling of the Claim.

69. Upon information and belief, the actions of Defendant constitute unfair acts or practices in the business of insurance as set forth in O.C.G.A. § 33-6-4.

70. Defendant had, and has, no valid basis for its mistreatment of Plaintiff and discriminatory handling of the Claim.

71. Defendant's actions are willful and malicious and Plaintiff is entitled to the recovery of punitive damages in this matter.

72. Defendant has caused Plaintiff unnecessary trouble and expense, acted in bad faith and has been stubbornly litigious.  Wherefore, Plaintiff is entitled to recover his costs of litigation in this matter including, without limitation, attorney's fees pursuant to O.C.G.A. § 13-6-11.

[Continued on following page.]

**WHEREFORE,** Plaintiff prays as follows:

(a) That process issue and that Defendant be served according to law;

(b) That Plaintiff has a judgment against Defendant for all damages allowed under law and in a manner to be proven at the time of trial;

(c) That the costs of the within action be cast upon Defendant; and,

(d) Such other, further and different relief as this Court deems just and appropriate.

Respectfully submitted this 23rd day of December 2020.

THE HERNAN LAW FIRM, PC

/s/ Jamie B. Hernan
Jamie B. Hernan, Esq.
Georgia Bar Number: 348555
10896 Crabapple Road
Roswell, Georgia 30075
Tel: (678) 275-4000
Fax: (678) 265-4000
Email: jamie@hernanfirm.com

9

EXHIBIT A

Policy Documents

**StateFarm**

State Farm Florida Insurance Company
A Stock Company With Home Offices in Winter Haven, Florida

Po Box 88049
Atlanta GA 30356-9901

Named Insured

H 19 7451 FA6F          P  F

LOVE, LONNIE

**DECLARATIONS PAGE**

COVERAGE SUMMARY
OCT 26 2020

| Policy Number | 59-CK-S034-0 |
|---|---|

| Policy Period | Effective Date | Expiration Date |
|---|---|---|
| 12 Months | JUN 15 2020 | JUN 15 2021 |

The policy period begins and ends at 12:01 am
standard time at the named insured's address.

## PERSONAL ARTICLES POLICY

**AUTOMATIC RENEWAL** - If the POLICY PERIOD is shown as 12 MONTHS, this policy will be renewed automatically subject to the premiums, rules and forms in effect for each succeeding policy period.  If this policy is terminated we will give you and the Mortgagee/Lienholder written notice in compliance with the policy provisions or as required by law.

For questions, problems, or to obtain information about coverage call:  954-613-1010

| Class of Property | Amount of Insurance |
|---|---|
| Jewelry as scheduled | ◊    137,200 |

| Forms, Options, and Endorsements | | POLICY PREMIUM | ◊    3,593.00 |
|---|---|---|---|
| PERSONAL ARTICLES POLICY | FP-7942 | | |
| AMENDATORY ENDORSEMENT | FE-7749 | | |
| LOSS SETTLEMENT ENDORSEMENT | FE-3357 | | |

**NOTICE:**  We have the option of repairing or replacing the lost or damaged property at our cost.  If we agree to a cash settlement, we will pay you no more than our cost to replace the item.

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

**Your policy consists of this page, any endorsements and the policy form.  PLEASE KEEP THESE TOGETHER.**

FP-7070.3C

0616   251  I
CN          Prepared   OCT 26 2020
555-7020 a.1  (s1/0391a)  Rev. 03-2002

HENRIQUEZ INS AND FIN SVCS INC
954-613-1010

CONTINUED FROM FRONT SIDE

**PERSONAL ARTICLES POLICY**

| Class of Property | Amount of Insurance | |
|---|---|---|
| | | |
| | | |
| Forms, Options, and Endorsements | | |
| | | |

o1t0092d
Rev. 07-2002

 **StateFarm** 59-CK-S034-0 ( 0617)

FE-7749
(10/93)

# AMENDATORY ENDORSEMENT
## (Florida)

**CONDITIONS**

**Suit Against Us,** reference to "one year" is changed to "five years".

**Loss Payment** is replaced with the following:

**Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable:

a. 20 days after we receive your proof of loss and reach agreement with you; or

b. 60 days after we receive your proof of loss and:

(1)there is an entry of a final judgment; or

(2)there is a filing of an appraisal award with us.

**Cancellation** is replaced with the following:

**Cancellation.**

a. You may cancel this policy at any time by notifying us in writing of the date cancellation is to take effect. We may waive the requirement that the notice be in writing by confirming the date and time of cancellation to you in writing.

b. We may cancel this policy only for the reasons stated in this condition. We will notify you in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations. Proof of mailing shall be sufficient proof of notice:

(1)When you have not paid the premium, we may cancel at any time by notifying you at least 10 days before the date cancellation takes effect. This condition applies whether the premium is payable to us or our agent or under any finance or credit plan.

(2)When this policy has been in effect for less than 90 days and is not a renewal with us, we may cancel for any reason. We may cancel, for any reason other than nonpayment of premium, by notifying you at least 20 days before the date cancellation takes effect. If we cancel because you have not paid the premium, we will notify you at least 10 days before the date cancellation takes effect.

(3)When this policy has been in effect for 90 days or more, or at any time if it is a renewal with us, we may cancel if there has been a:

(a)material misstatement;

(b)failure to comply with underwriting requirements established by us within 90 days of the date this coverage takes effect;

(c)substantial change in the risk covered by this policy; or

(d)cancellation by us of all policies for a given class of insureds.

We may cancel this policy by notifying you at least 45 days before the date cancellation takes effect.

(4)When this policy is written for a period longer than one year, we may cancel at anniversary if there has been a:

(a)material misstatement;

(b)failure to comply with underwriting requirements established by us within 90 days of the date this coverage takes effect;

(c)substantial change in the risk covered by this policy; or

(d)cancellation by us of all policies for a given class of insureds.

We may cancel this policy by notifying you at least 45 days before the date cancellation takes effect

c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded.

When you request cancellation, the return premium will be based on our rules for such cancellation. The return premium may be less than a full pro rata refund. When we cancel, the return premium will be pro rata.

d. The return premium may not be refunded with the notice of cancellation or when the policy is returned to us. In such cases, we will refund it within a reasonable time after the date cancellation takes effect.

**Non-Renewal,** reference to "30 days" is changed to "45 days".

All other policy provisions apply.

FE-7749
(10/93)

(CONTINUED)

FE-3357
Page 1 of 1

## FE-3357 LOSS SETTLEMENT ENDORSEMENT

The following is added to the Loss Settlement provision of this policy:

Any property we pay for or replace becomes our property.

FE-3357

©, Copyright, State Farm Mutual Automobile Insurance Company, 2014



State Farm®
**Personal Articles
Policy**

FP-7942

# TABLE OF CONTENTS

## DECLARATIONS

**Your Name**
**Policy Period**
**Classes of Property**
**Amounts of Insurance**
**Deductibles**

|  | Beginning on Page |
|---|---|
| TABLE OF CONTENTS | 1 |
| PROPERTY COVERED | 2 |
| TERRITORIAL LIMITS | 2 |
| LOSSES INSURED AND LOSSES NOT INSURED | 2 |
| CONDITIONS | 3 |
| SPECIAL CONDITIONS | 5 |
| OPTIONAL POLICY PROVISIONS | 6 |

## PERSONAL ARTICLES POLICY

In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident in the same household.  "We", "us" and "our" refer to the Company shown in the Declarations.

## PROPERTY COVERED

We cover the Classes of Property shown in the Declarations.

## TERRITORIAL LIMITS

We cover the property described while it is anywhere in the world.  However, Fine Arts are covered only while within the United States and Canada.

## LOSSES INSURED AND LOSSES NOT INSURED

We insure for accidental direct physical loss or damage to the property covered except loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event which contributes concurrently or in any sequence to the loss or damage.

1. War, including:

   a. undeclared war;

   b. civil war;

   c. insurrection;

   d. rebellion;

   e. revolution;

   f. warlike act by a military force or military personnel;

   g. destruction, seizure or use for a military purpose; or

   h. any effect of any of these.

   Discharge of a nuclear weapon will be deemed a warlike act even if accidental.

2. Seizure or destruction under quarantine or customs regulations.

3. Any order or law of a governmental or municipal authority.

4. Risks of contraband, illegal transportation or trade.

5. Nuclear Hazard, meaning:

   a. any nuclear reaction, radiation or radioactive contamination, all whether controlled or uncontrolled or however caused; and

   b. any effect of any of these.

   Loss caused by the nuclear hazard is not considered loss caused by fire, explosion or smoke.  Direct loss by fire resulting from the nuclear hazard is covered.

6. Mechanical breakdown, wear and tear, gradual deterioration and inherent vice.

7. Vermin or insects.

## SPECIAL EXCLUSIONS

**This policy does not apply:**

1. if Fine Arts are covered:

   a. to damage caused by any repairing, restoration or retouching process;

   b. to property on exhibition at fairgrounds or on the premises of national or international expositions, unless the premises are covered by this policy.

2. if Sports Equipment is covered:

   a. to loss or damage caused by:

2

(1) any process of refinishing, renovating or repairing;

(2) dampness of atmosphere and/or extremes of temperature;

(3) inherent defect or faulty manufacture;

(4) rust, fouling or explosion of firearms;

b. to breakage, marring, scratching, tearing, or denting unless caused by fire, thieves or accidents to conveyances;

c. to infidelity of Insured's employees or persons to whom the covered property may be entrusted or rented;

d. to loss or damage to:

(1) outboard motors, boats and/or their accessories;

(2) bicycles, their equipment or accessories; and

(3) equipment, clothing or accessories used in connection with the game of golf.

3. if Stamp and Coin Collections are covered:

a. to fading, creasing, scratching, tearing, thinning, transfer of colors, inherent defect, dampness, extremes of temperature gradual depreciation, or damage from handling or being worked upon;

b. to disappearance of individual stamps, coins or other items unless the item is described and scheduled with a specific amount of insurance, or if the item is mounted in a volume and the page to which it is attached is also lost;

c. to loss of or damage to property which is:

(1) in the custody of transportation companies unless such shipments are made by railway express or armored car. Shipments by mail are covered only if made by registered mail or insured parcel post; or

(2) not an actual part of a stamp, money or numismatic collection.

d. to theft from any unattended automobile unless in the custody of railway express, armored motor car companies, or while being shipped by registered mail or insured parcel post.

## CONDITIONS

1. **Conformity to State Law.** When a policy provision is in conflict with the applicable law of the State in which this policy is issued, the law of the State will apply.

2. **Concealment or Fraud.** This entire policy will be void if, whether before or after a loss, you have intentionally concealed or misrepresented a material fact or circumstance relating to this insurance.

3. **Loss Settlement.** We have the option of repairing or replacing the lost or damaged property. Unless otherwise stated in this policy, covered property values will be determined at the time of loss or damage. We will pay the cost of repair or replacement, but not more than the smallest of the following amounts:

a. the full amount of our cost to repair the property to its condition immediately prior to the loss or damage;

b. the full amount of our cost to replace the item with one substantially identical to the item lost or damaged;

c. any special limit of liability described in this policy; or

d. the limit of liability applicable to the property.

4. **Loss to a Pair or Set.** In case of loss to a pair or set we may elect to:

a. repair or replace any part to restore the pair or set to its value before the loss; or

b. pay the difference between actual cash value of the property before and after the loss.

5. **Loss Clause.** The amount of insurance under this policy will not be reduced except for a total loss of a scheduled item. We will refund the unearned premium applicable to such item after the loss or you may apply

3

it to the premium due for the replacement of the scheduled item.

6. **Appraisal**. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand.

The two appraisers will then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state of your residence to select an umpire. The appraisers will then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss.

If the appraisers fail to agree within a reasonable time, they will submit their differences to the umpire. Written agreement signed by any two of these three will set the amount of the loss. Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire will be paid equally by you and us.

7. **Your Duties After Loss.** In case a covered loss occurs, you must:

a. protect the property from further loss and take all steps possible to minimize the loss. Expenses incurred will be borne by you and us proportionate to our respective interests;

b. report as soon as practicable in writing to us or our agent any loss or damage which may become a claim under this policy (In case of theft, the police are also to be notified); and

c. file with us or our agent, within 90 days after discovery of the loss, a signed sworn proof of loss. This will state the facts and amount of the loss to the best of your knowledge.

8. **Examination Under Oath**. You agree:

a. to be examined under oath and subscribe to the same as often as we reasonably require;

b. that employees, members of your household or others will be produced for examination under oath to the extent that it is within your power to do so;

c. to produce, if requested, the remains of the covered property; and

d. to produce such records as we may need to verify the claim and its amount, and to permit copies of such records to be made if needed.

9. **Suit Against Us**. No action will be brought unless:

a. there has been compliance with the policy provisions; and

b. the loss has become payable as specified in the **CONDITION** entitled "**Loss Payment**".

Any action must be started within one year after the occurrence causing loss or damage.

10. **Loss Payment**. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your Proof of Loss and:

a. we reach agreement with you;

b. there is an entry of a final judgment; or

c. there is a filing of an appraisal award with us.

11. **Subrogation**. In the event of loss which we believe may be collectible from others, we may pay in the form of a loan to be repaid out of any recoveries from others. You will cooperate in every way possible to assist in such recovery from others. We will, at our expense, take over your rights against others to the extent of our payment.

12. **No Benefit to Bailee**. No person or organization having custody of the property and to be paid for services will benefit from this insurance.

13. **Other Insurance**. If at the time of loss or damage there is other insurance available which would apply to the property in the absence of this policy, the insurance under this policy will apply only as excess insurance over the other insurance.

14. **Cancellation**.

a. You may cancel this policy at any time by notifying us in writing of the date cancellation is to take effect.

b. We may cancel this policy only for the reasons stated in this condition. We will notify you in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations. Proof of mailing will be sufficient proof of notice:

4

(1) When you have not paid the premium, we may cancel at any time by notifying you at least 10 days before the date cancellation takes effect. This condition applies whether the premium is payable to us or to our agent or under any finance or credit plan.

(2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason. We may cancel by notifying you at least 10 days before the date cancellation takes effect.

(3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

    (a) if there has been a material misrepresentation of fact which, if known to us, would have caused us not to issue this policy; or

    (b) if the risk has changed substantially since the policy was issued.

We may cancel this policy by notifying you at least 30 days before the date cancellation takes effect.

(4) When this policy is written for a period longer than one year, we may cancel for any reason at anniversary. We may cancel by notifying you at least 30 days before the date cancellation takes effect.

c. When this policy is cancelled by us, the premium for the period from the date of cancellation to the expiration date will be refunded. When you request cancellation, the return premium will be based on our rules for such cancellation.

d. Sometimes the return premium is not refunded with the notice of cancellation or when this policy is returned to us. In such cases, we will refund it within a reasonable time after the date cancellation takes effect.

15. **Non-Renewal**. We may elect not to renew this policy. We may do so by delivery to you, or mailing to you at your mailing address shown in the Declarations, written notice. The notice will be mailed or delivered at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

16. **Waiver or Change of Policy Provisions**. A waiver or change of any policy provision must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

17. **Liberalization Clause**. If we adopt a revision which would broaden coverage under this policy without additional premium within 60 days prior to or during the policy period, the broadened coverage will immediately apply to this policy.

18. **Newly Acquired Property**.

    a. With respect to jewelry, furs, cameras and musical instruments, we cover newly acquired property of a class already covered. Coverage will not exceed 25% of the amount of insurance for that class of property or $10,000, whichever is less. You must:

        (1) report this newly acquired property to us within 30 days of acquisition; and

        (2) pay the additional premium from the date acquired.

    b. With respect to fine arts, we cover newly acquired property of this class if already covered. Coverage will not exceed 25% of the amount of insurance for this class. You must:

        (1) report this newly acquired property to us within 30 days of acquisition; and

        (2) pay the additional premium from the date acquired.

19. **Intentional Acts**. If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits then this policy is void and we will not pay you or any other insured for this loss.

## SPECIAL CONDITIONS

1. **Fine Arts**. You agree that the covered property will be packed and unpacked by competent packers.

We agree that the amount shown for each scheduled item is the value of the item.

In case of the total loss of any item or items which are part of a set:

    a. we agree to pay you the full value of the set as shown on the schedule; and

    b. you agree to surrender the remaining items of the set to us.

2 **Golfer's Equipment**. Golfer's equipment includes golf clubs, golf clothing and golf equipment (not watches,

jewelry and stock for sale) which are your property. Your other clothing is covered while in a locker located in a building used in connection with the game of golf.

Golf balls are covered only if loss is caused by fire or burglary. Burglary coverage applies only if the golf balls are taken from within a building, room or locker by a person making unlawful entry by force. There must be visible marks of forced entry upon the premises.

3. **Musical Instruments**.  You agree that no instrument played for pay during the policy term will be covered. This condition applies unless changed by endorsement and additional premium is paid at our current rates.

4. **Silverware**.  Pens, pencils, flasks, smoking implements or accessories or items of personal adornment are not covered as "Silverware".

5. **Sports Equipment**.  In case of loss we will pay no greater proportion of the loss than the amount of insurance bears to the actual value of the property at the time of loss.

6. **Stamp and Coin Collections**.

   a.  We cover:

      (1)  postage stamps and other philatelic property owned by or in custody or control of the Insured.  This includes the books, pages and/or mountings used; and

      (2)  rare and current coins, medals, paper money, bank notes, tokens of money and other numismatic property owned by or in custody or control of the Insured.  This includes coin albums, containers, frames, cards and display cabinets in use with such collection.

b.  In case of loss the amount payable will be determined as follows:

   (1)  If loss is to a scheduled item we will pay no more than the amount shown.

   (2)  If loss is to scheduled property described as pairs, strips, blocks, series, sheets, covers, frames, cards or the like, we will pay in the event of total loss no more than the amount shown.  In the event of a partial loss we will pay no more than the cash market value of the whole set less the cash market value of the remainder at the time of loss.  It is agreed that if the property is covered for less than the cash market value payment will be limited to the proportion that the amount of insurance bears to the cash market value.

   (3)  In all other cases of loss to covered property, we will pay no more than the actual cash market value of the property at the time of loss.  Payment will not exceed $250 for:

      (a)  one stamp, coin or other individual article; or

      (b)  one pair, strip, block, series, sheet, cover, frame, card or the like.

   (4)  We will not pay a greater proportion of a loss on unscheduled property than the amount of insurance on that unscheduled property bears to the cash market value at the time of loss.

7. **Cameras**.  You agree that no camera used for pay during the policy term will be covered.  This condition applies unless changed by endorsement and additional premium is paid at our current rates.

## OPTIONAL POLICY PROVISIONS

Each Optional Provision applies only as shown in the Declarations or Extension Certificate.

**Option I - Inflation Coverage.**

1. This option will apply only to those classes of property which indicate in the schedule that "Inflation Coverage Applies".

2. The amount of insurance applicable to those classes of property will be increased at the same rate as the increase in the inflation coverage index shown in the Declarations.

   a.  To find the limits on a given date:

      (1)  divide the index on that date by the index as of the effective date of the inflation coverage provision; then

      (2)  multiply the resulting factor by the amount of insurance applicable to the property covered.

The limits of liability will not be reduced to less than the amounts shown in the schedule.

   b.  If during the term of this policy, you:

      (1)  change the amount of insurance on any property to which Inflation Coverage applies; or

(2) add property to which Inflation Coverage applies;

the effective date of this Inflation Coverage on that property is changed to coincide with the effective date of the change or addition.

**Option Q - Broad Pair and Set Coverage.** In the event of the total loss of an item or items which are part of a pair or set, we agree to pay you the full amount of the value of such pair or set as specified in the schedule (IN ACCORDANCE WITH THE LOSS SETTLEMENT CONDITION). You agree to surrender the remaining item or items of the pair or set to us.

IN WITNESS WHEREOF, this Company has executed and attested these presents; but this policy shall not be valid unless countersigned by the duly authorized Agent of this Company at the agency hereinbefore mentioned.

*Lynne M. Yauele*                    Secretary

_____                President

The Board of Directors, in accordance with Article VI(c) of this Company's Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policies issued by said Company such sums out of its earnings as in its judgment is proper.

7

**This page inserted to separate pleadings**

State Court of Fulton County
**E-FILED**
20EV007743
12/23/2020 1:14 PM
Christopher G. Scott, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of _Fulton_____ County

┌─────────────────────────────────────────────────────────────────────┐
│ **For Clerk Use Only**                                                 │
│                                                                        │
│ **Date Filed** _____    **Case Number** _____ │
│           MM-DD-YYYY                                                    │
└─────────────────────────────────────────────────────────────────────┘

**Plaintiff(s)**

Love              Lonnie

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

**Defendant(s)**

State Farm Florida Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

| Last | First | Middle I. | Suffix | Prefix |
|------|-------|-----------|--------|--------|

**Plaintiff's Attorney** Jamie B. Hernan     **Bar Number** 348555     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☒ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
Case Number                  Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                    Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

## This page inserted to separate pleadings

State Court of Fulton County
**E-FILED**
20EV007743
2/24/2021 8:19 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| LONNIE LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | FILE NO. 20EV007743 |
| | ) | |
| STATE FARM FLORIDA | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT STATE FARM FLORIDA INSURANCE COMPANY'S AFFIRMATIVE DEFENSES AND ANSWER

State Farm Florida Insurance Company ("State Farm"), Defendant in the above-styled civil action, files its Affirmative Defenses and Answer to Plaintiff Lonnie Love's Complaint (hereinafter the "Plaintiff's Complaint" or "Complaint") as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the policy issued to Plaintiff having policy number 59-CK-S034-0 ("Policy") because Plaintiff failed to satisfy

the conditions precedent to recovery.   Specifically, the Policy provides in

**CONDITIONS**:

       9.     **Suit Against Us**.  No action will be brought unless:

         a.     there has been compliance with the policy provisions; and

         b.     the loss has become payable as specified in the **CONDITION** entitled "**Loss Payment**"…

The Policy also provides in **CONDITIONS**, as amended by

**AMENDATORY ENDORSEMENT (Florida)**:

      10.     **Loss Payment**.  We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment.  Loss will be payable:

         a.     20 days after we receive your proof of loss and reach agreement with you; or

         b.     60 days after we receive your proof of loss and:

            (1)    there is an entry of a final judgment; or

            (2)    there is a filing of an appraisal award with us.

## <u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiff may not recover from State Farm under the Policy because Plaintiff failed to comply with all applicable Policy provisions before filing suit against State Farm.  Specifically, the Policy provides in **CONDITIONS**:

9.    **Suit Against Us**.  No action will be brought unless:

    a.    there has been compliance with the policy provisions; and

    b.    the loss has become payable as specified in the **CONDITION** entitled "**Loss Payment**".

The Policy also provides in **CONDITIONS**, as amended by **AMENDATORY ENDORSEMENT (Florida)**:

10.    **Loss Payment**.  We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment.  Loss will be payable:

    a.    20 days after we receive your proof of loss and reach agreement with you; or

    b.    60 days after we receive your proof of loss and:

        (1)    there is an entry of a final judgment; or

        (2)    there is a filing of an appraisal award with us.

## FOURTH AFFIRMATIVE DEFENSE

State Farm contends that Plaintiff may not recover any benefits under the Policy because Plaintiff failed to satisfy his duties as required under the Policy.  The Policy states in **CONDITIONS**:

. . .

7.      **Your Duties After Loss**.  In case a covered loss occurs, you must:

    a.      protect the property from further loss and take all steps possible to minimize the loss. Expenses incurred will be borne by you and us proportionate to our respective interests;

    b.      report as soon as practicable in writing to us or our agent any loss or damage which may become a claim under this policy (In case of theft, the police are also to be notified); and

    c.      file with us or our agent, within 90 days after discovery of the loss, a signed sworn proof of loss.  This will state the facts and amount of the loss to the best of your knowledge.

8.      **Examination Under Oath**.  You agree:

    a.      to be examined under oath and subscribe to the same as often as we reasonably require;

    b.      that employees, members of your household or others will be produced for examination under oath to the extent that it is within your power to do so;

      c.      to produce, if requested, the remains of the covered property; and

      d.      to produce such records as we may need to verify the claim and its amount, and to permit copies of such records to be made if needed.

. . .

## FIFTH AFFIRMATIVE DEFENSE

State Farm contends that Plaintiff may not recover any benefits under the Policy because Plaintiff violated the Policy's Concealment Or Fraud provision. The Policy provides in **CONDITIONS**:

      2.      **Concealment or Fraud**. This entire policy will be void if, whether before or after a loss, you have intentionally concealed or misrepresented a material fact or circumstance relating to this insurance.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are limited by the Loss Settlement provision of the Policy. The Policy provides in **CONDITIONS**, as amended by **FE-3357 LOSS SETTLEMENT ENDORSEMENT**:

      3.      **Loss Settlement**. We have the option of repairing or replacing the lost or damaged property. Unless otherwise stated in this policy, covered property values will be determined at the time of loss or damage. We will pay the cost of repair or replacement, but not more than the smallest of the following amounts:

a.      the full amount of our cost to repair the property to its condition immediately prior to the loss or damage.

b.      the full amount of our cost to replace the item with one substantially identical to the item lost or damaged;

c.      any special limit of liability described in this policy; or

d.      the limit of liability applicable to the property.

Any property we pay for or replace becomes our property.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover any alleged damages under **LOSSES INSURED AND LOSSES NOT INSURED** to the extent that the Loss did not result from a fortuitous loss and/or "accidental direct physical loss or damage to the property covered" as required by the Policy.  The Policy provides in pertinent part:

We insure for accidental direct physical loss or damage to the property covered except loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event which contributes concurrently or in any sequence to the loss or damage.

## EIGHTH AFFIRMATIVE DEFENSE

State Farm has not breached any duty owed under the Policy with Plaintiff, and therefore Plaintiff may not recover from State Farm in any sum or manner whatsoever.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under a theory of breach of contract because State Farm has at all times hereto complied with its contractual duties.

## TENTH AFFIRMATIVE DEFENSE

State Farm is not indebted to Plaintiff for the sum sought or in any amount whatsoever.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempt to impose duties upon State Farm aside from those set forth in the Policy, Plaintiff's claims fail in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting claims asserted by insureds. Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

## TWELFTH AFFIRMATIVE DEFENSE

State Farm has at all times acted in good faith and with reasonable and probable cause with respect to the actions it has taken, and, therefore, Plaintiff fail to state a claim for bad faith penalties and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint seeks to recover bad faith penalties and attorneys' fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiff inasmuch as State Farm has at all times acted reasonably, in good faith and with probable cause with respect to the actions it has taken and because Plaintiff failed to follow the procedural requirements mandated by the insurance contract and O.C.G.A. § 33-4-6 to perfect a claim for bad faith penalties and attorneys' fees; therefore Plaintiff's Complaint fails to state a claim under O.C.G.A. § 33-4-6.

## FOURTEENTH AFFIRMATIVE DEFENSE

Although State Farm denies that it breached the Policy or acted in bad faith with regard to the fact situation as set forth in Plaintiff's Complaint, to the extent that Plaintiff's Complaint or prayer for relief seeks, or is construed as seeking damages other than the contractual damages or penalty under O.C.G.A. § 33-4-6, such remedies are not available to the Plaintiff inasmuch as O.C.G.A. § 33-4-6 is the

sole manner by which to recover extra-contractual damages in a first-party dispute over payment of insurance benefits.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint seeks damages against State Farm other than contractual damages, Plaintiff has failed to state a claim for bad faith penalties, attorneys' fees, or extra-contractual damages. State Farm has at all times acted in good faith with respect to the actions it has taken, and the Plaintiff, therefore, fails to state a claim pursuant to O.C.G.A. § 33-4-6 for any bad faith penalty and attorneys' fees. Furthermore, Plaintiff did not submit a timely demand prior to filing its action, as required by O.C.G.A. § 33-4-6.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the Policy because Plaintiff breached the terms and conditions of the Policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The facts and circumstances forming the basis of Plaintiff's Complaint were brought about by and as a result of Plaintiff's or his representative's conduct, and Plaintiff is therefore estopped or precluded from recovery herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

State Farm is not liable to Plaintiff because it did not act tortiously or negligently in any manner whatsoever in regard to the fact situation set forth in the Plaintiff's Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to recover from State Farm in tort, Plaintiff is barred from recovery.  The relationship between Plaintiff and State Farm is solely based upon the Policy and does not support an action in tort.

## TWENTIETH AFFIRMATIVE DEFENSE

No act or omission on the part of State Farm caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from State Farm.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because any award of such damages would violate the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution by allowing the jury broad discretion

to determine punishment and by depriving State Farm of prior notice of the consequences of its alleged actions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to establish a cause of action against State Farm for violation of the Unfair Settlement Practices (O.C.G.A. § 33-6-30), Plaintiff fails to state a claim upon which relief can be granted.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to establish a cause of action against State Farm based on the provisions of Georgia's Unfair Claims Settlement Practices Act contained in O.C.G.A. § 33-6-34, Plaintiffs fail to state a claim upon which relief could be granted.  By its express terms, the Unfair Claims Settlement Practices Act does not create a private cause of action.  O.C.G.A. § 33-6-37.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against State Farm upon which relief can be granted for violation of the Unfair Business Practices (O.C.G.A. § 10-1-391, et seq.).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against State Farm for attorneys' fees pursuant to O.C.G.A. § 13-6-11.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm for punitive damages upon which relief can be granted.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for discrimination against State Farm upon which relief can be granted.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are limited by the coverage limits set forth in the Policy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff waived his right to insist upon State Farm's compliance with the Policy due to his own failure to comply with the Policy's conditions.

## THIRTIETH AFFIRMATIVE DEFENSE

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery. Subject to and without waiving any of their

other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific allegations contained in the individual and enumerated paragraphs of the Complaint as follows:

## PARTIES AND JURISDICTION

### NATURE OF THE CASE

1.

State Farm admits only that it issued a personal articles policy to Plaintiff bearing policy number 59-CK-S034-0, which provided coverage for specific, scheduled items subject to the Policy's terms and conditions and applicable law. State Farm denies that Exhibit A is a true and accurate copy of the Policy in effect on the date of the loss.  State Farm denies all remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

### PARTIES

2.

State Farm denies the allegations of Paragraph 2 of Plaintiff's Complaint, as pled.

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, State Farm admits that it is a foreign insurance company with its

principal place of business located in Winter Haven, Florida and is authorized to conduct business in the State of Georgia.

4.

State Farm admits that pursuant to section 48.151(1), Florida Statutes, it has designated the Chief Financial Officer of Florida as its Statutory Registered Agent for Service of Process.  State Farm denies any remaining allegations of Paragraph 4 of Plaintiff's Complaint.

5.

State Farm admits that it may be served with summons and process through its registered agent.  State Farm denies any remaining allegations of Paragraph 5 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

6.

State Farm admits that Plaintiff initiated a claim with State Farm related to a theft that allegedly occurred on September 6, 2020, at 887 Spring St NW, Atlanta, Fulton County, Georgia 30308.  State Farm denies the remaining allegations of Paragraph 6 of Plaintiff's Complaint.

7.

State Farm admits that Plaintiff initiated a claim with State Farm related to a theft that allegedly occurred on September 6, 2020, at 887 Spring St NW, Atlanta, Fulton County, Georgia 30308.  State Farm denies the remaining allegations of Paragraph 7 of Plaintiff's Complaint.

8.

State Farm admits the allegations of Paragraph 8 of Plaintiff's Complaint.

9.

State Farm admits that it is a foreign insurance company with its principal place of business located in Winter Haven, Florida and is authorized to conduct business in the State of Georgia.  State Farm denies any remaining allegations of Paragraph 9 of Plaintiff's Complaint.

10.

State Farm admits that it is a foreign insurance company with its principal place of business located in Winter Haven, Florida and is authorized to conduct business in the State of Georgia.  State Farm denies any remaining allegations of Paragraph 10 of Plaintiff's Complaint.

11.

State Farm admits that the address listed on the Declarations page of policy number 59-CK-S034-0 is P.O. Box 19897, Atlanta, Georgia 30325-0897.  State Farm denies any remaining allegations of Paragraph 11 of Plaintiff's Complaint.

12.

State Farm admits that the offices of its coverage counsel in this matter and the undersigned attorneys is in Atlanta, Georgia.  State Farm denies any remaining allegations of Paragraph 12 of Plaintiff's Complaint.

13.

State Farm admits that Plaintiff initiated a claim with State Farm related to a theft that allegedly occurred on September 6, 2020, at 887 Spring St NW, Atlanta, Georgia 30308.  State Farm further admits that its counsel conducted an examination under oath of Plaintiff in Fulton County, Georgia.  State Farm denies any remaining allegations of Paragraph 13 of Plaintiff's Complaint.

14.

State Farm admits the allegations of Paragraph 14 of Plaintiff's Complaint insofar as State Farm does not dispute jurisdiction in this Court.  However, State Farm denies that Fulton County is the only proper jurisdiction for this dispute.  State Farm denies any remaining allegations of Paragraph 14 of Plaintiff's Complaint.

15.

State Farm admits that venue is proper in Fulton County.  However, by way of further response, State Farm denies that Fulton County is the only proper venue for this dispute.  State Farm denies any remaining allegations of Paragraph 15 of Plaintiff's Complaint.

16.

State Farm admits that venue is proper in Fulton County.  However, by way of further response, State Farm denies that Fulton County is the only proper venue for this dispute.  State Farm denies any remaining allegations of Paragraph 16 of Plaintiff's Complaint.

17.

State Farm admits that venue is proper in Fulton County.  However, by way of further response, State Farm denies that Fulton County is the only proper venue for this dispute.  State Farm denies any remaining allegations of Paragraph 17 of Plaintiff's Complaint.

## FACTS AND CAUSES OF ACTION

18.

State Farm admits that on September 18, 2020, Plaintiff reported that his vehicle was stolen on September 6, 2020, from a parking lot located at 887 Spring

St NW, Atlanta, Georgia 30308 and that personal property within the vehicle was stolen. State Farm denies any remaining allegations of Paragraph 18 of Plaintiff's Complaint.

19.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 19 of Plaintiff's Complaint.

20.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 20 of Plaintiff's Complaint.

21.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 21 of Plaintiff's Complaint.

22.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 22 of Plaintiff's Complaint.

23.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 22 of Plaintiff's Complaint.

24.

State Farm admits only that it issued a personal articles policy to Plaintiff bearing policy number 59-CK-S034-0, which provided coverage to scheduled items subject to the Policy's terms and conditions and applicable law.  State Farm denies all remaining allegations of Paragraph 24 of Plaintiff's Complaint.

25.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of Plaintiff's Complaint.  Accordingly, State Farm denies all allegations of Paragraph 25 of Plaintiff's Complaint.

26.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 26 of Plaintiff's Complaint.

27.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 27 of Plaintiff's Complaint.

28.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 28 of Plaintiff's Complaint.

29.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 29 of Plaintiff's Complaint.

30.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 30 of Plaintiff's Complaint.

31.

State Farm admits that Plaintiff initiated a claim with State Farm related to a theft that allegedly occurred on September 6, 2020, at 887 Spring St NW, Atlanta,

Fulton County, Georgia 30308, which was assigned claim number 59-11P3-20M ("Claim"). State Farm denies all remaining allegations of Paragraph 31 of Plaintiff's Complaint.

32.

State Farm admits that it assigned the investigation of claim number 59-11P3-20M to its special investigative unit on September 23, 2020. State Farm denies all remaining allegations in Paragraph 32 of Plaintiff's Complaint and specifically denies any allegations of discrimination.

33.

State Farm denies the allegations of Paragraph 33 of Plaintiff's Complaint.

34.

State Farm admits that it investigated claim number 59-11P3-20M subjected to its reservation of rights letter dated October 9, 2020. State Farm admits that its counsel questioned Plaintiff during an examination under oath. State Farm denies all remaining allegations of Paragraph 34 of Plaintiff's Complaint.

35.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 35 of Plaintiff's Complaint.

36.

State Farm denies the allegations of Paragraph 36 of Plaintiff's Complaint. By way of further explanation, State Farm shows that Plaintiff was required to comply with the **Suit Against Us** provisions of the Policy prior to filing suit.

37.

State Farm denies the allegations of Paragraph 37 of Plaintiff's Complaint.

38.

State Farm denies the allegations of Paragraph 38 of Plaintiff's Complaint.

39.

State Farm admits that its claims specialist requested that Plaintiff submit a supplemental police report.  State Farm denies the remaining allegations of Paragraph 39 of Plaintiff's Complaint.

40.

State Farm admits that it requested that Plaintiff submit a Sworn Statement in Proof of Loss and that Plaintiff submitted a Sworn Statement in Proof of Loss on September 24, 2020.  State Farm denies any remaining allegations of Paragraph 40 of Plaintiff's Complaint, as stated.

41.

State Farm admits that it retained counsel as part of its investigation of claim number 59-11P3-20M.  State Farm denies all remaining allegations of Paragraph 41 of Plaintiff's Complaint.

42.

State Farm admits that, pursuant to the terms and conditions of the Policy, it required Plaintiff to submit to an examination under oath.  State Farm denies all remaining allegations of Paragraph 42 Plaintiff's Complaint.

43.

State Farm admits that Plaintiff appeared for an examination under oath on November 5, 2020.  State Farm denies the remaining allegations of Paragraph 43 of Plaintiff's Complaint and denies that Plaintiff completed his examination under oath.

44.

State Farm denies the allegations of Paragraph 44 of Plaintiff's Complaint.

45.

State Farm denies the allegations of Paragraph 45 of Plaintiff's Complaint.

46.

State Farm admits only that its letter dated November 2, 2020, requested specific documents and information necessary to State Farm's investigation of claim

number 59-11P3-20M.  State Farm denies all remaining allegations of Paragraph 46 of Plaintiff's Complaint.

47.

State Farm admits that among the documents requested in the November 2, 2020 letter were Plaintiff's personal tax returns for the years 2018 and 2019; bank statements held individually or jointly by Plaintiff and which reflect transaction detail for the period of March 6, 2020 to September, 6, 2020; credit card statements for each credit card held by Plaintiff individually or jointly and which reflect transaction detail for the period of March 6, 2020 to September 6, 2020; personal cell phone service statements which reflect call details for the period of September 6 and 7, 2020; and documents which support Plaintiff's residence, including his utility bills, mortgage statements, and lease agreements.  State Farm denies that this was a complete list of the documents requests and further denies the remaining allegations of Paragraph 47 of Plaintiff's Complaint, as stated.

48.

State Farm denies the allegations of Paragraph 48 of Plaintiff's Complaint.

49.

State Farm admits that the Policy provides in CONDITIONS, 8. **Examination Under Oath**, as follows:  "You agree… d. to produce such records as we may need

to verify the claim and its amount, and to permit copies of such records to be made if needed." State Farm denies all remaining allegations of Paragraph 49 of Plaintiff's Complaint or any inferences or characterizations of the Policy language which are inconsistent with the Policy.

50.

State Farm denies the allegations of Paragraph 50 of Plaintiff's Complaint, as stated.

51.

State Farm admits that Plaintiff's counsel wrote to State Farm on November 10, 2020 and that the substance of such letter speaks for itself. State Farm denies all remaining allegations of Paragraph 51 of Plaintiff's Complaint.

52.

State Farm admits that in its letter dated December 1, 2020, State Farm reiterated its request for documents and information necessary to its investigation of claim number 59-11P3-20M that it initially requested in its letter dated November 2, 2020, and specific documents and information related to information State Farm learned during Plaintiff's examination under oath. State Farm denies all remaining allegations of Paragraph 52 of Plaintiff's Complaint.

53.

State Farm denies the allegations of Paragraph 53 of Plaintiff's Complaint.

54.

State Farm denies the allegations of Paragraph 54 of Plaintiff's Complaint.

55.

State Farm denies the allegations of Paragraph 55 of Plaintiff's Complaint.

56.

State Farm admits that it has not issued payment on Plaintiff's claim because the loss was payable at the time the lawsuit was filed and because it had not completed its investigation of claim number 59-11P3-20M before this lawsuit was filed.  State Farm denies the remaining allegations of Paragraph 56 of Plaintiff's Complaint.

57.

State Farm denies the allegations of Paragraph 57 of Plaintiff's Complaint.

58.

State Farm denies the allegations of Paragraph 58 of Plaintiff's Complaint.

59.

State Farm denies the allegations of Paragraph 59 of Plaintiff's Complaint.

60.

State Farm denies the allegations of Paragraph 60 of Plaintiff's Complaint.

61.

State Farm denies the allegations of Paragraph 61 of Plaintiff's Complaint.

62.

State Farm denies the allegations of Paragraph 62 of Plaintiff's Complaint.

63.

State Farm denies the allegations of Paragraph 63 of Plaintiff's Complaint.

64.

State Farm denies the allegations of Paragraph 64 of Plaintiff's Complaint.

65.

State Farm denies the allegations of Paragraph 65 of Plaintiff's Complaint.

66.

State Farm denies the allegations of Paragraph 66 of Plaintiff's Complaint.

67.

State Farm denies the allegations of Paragraph 67 of Plaintiff's Complaint.

68.

State Farm denies the allegations of Paragraph 68 of Plaintiff's Complaint.

69.

State Farm denies the allegations of Paragraph 69 of Plaintiff's Complaint.

70.

State Farm denies the allegations of Paragraph 70 of Plaintiff's Complaint, as stated.   State Farm expressly denies Plaintiff's characterization of State Farm's investigation of claim number 59-11P3-20M.

71.

State Farm denies the allegations of Paragraph 71 of Plaintiff's Complaint.

72.

State Farm denies the allegations of Paragraph 72 of Plaintiff's Complaint.

73.

WHEREFORE, State Farm requests that the following relief be granted:

a)      That Plaintiff's Complaint is dismissed with prejudice;

b)      That State Farm be awarded assessments, interest, and late charges, in amounts to be proven at trial;

c)      That State Farm be awarded its reasonable attorneys' fees and costs incurred in asserting its rights through this action;

d)      That State Farm be awarded such other and further relief as this Court deems just and proper.

This 24th day of February, 2021.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

/s/  Kristen M. Vigilant
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
**Attorneys for State Farm Florida**
**Insurance Company**

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify I have this day electronically filed ***Defendant State Farm Florida Insurance Company's Affirmative Defenses and Answer*** with the Clerk of Court via the Odyssey eFile GA e-filing system, which will send automatic notification to the following:

Jamie B. Hernan, Esq.
The Hernan Law Firm, P.C.
10896 Crabapple Road
Roswell, Georgia 30075
jamie@hernanfirm.com
*Attorney for Plaintiff Lonnie Love*

This 24th day of February, 2021.

SWIFT, CURRIE, McGHEE & HIERS

*/s/  Kristen M. Vigilant*
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
***Attorneys for State Farm Florida Insurance Company***

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

**This page inserted to separate pleadings**

State Court of Fulton County
**E-FILED**
20EV007743
2/24/2021 9:36 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| LONNIE LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | FILE NO. 20EV007743 |
| | ) | |
| STATE FARM FLORIDA | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF FILING REMOVAL

To:  Jamie B. Hernan, Esq.
     The Hernan Law Firm, P.C.
     10896 Crabapple Road
     Roswell, Georgia 30075
     jamie@hernanfirm.com

Please take notice that State Farm Florida Insurance Company, Defendant in the above-styled action, has on this date filed its Notice of Removal, a copy of which is attached hereto as Exhibit A, in the Office of the Clerk of the United States District Court for the Northern District of Georgia, Atlanta Division.

This 24th day of February, 2021.

*[Signature on Following Page]*

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

/s/  Kristen M. Vigilant
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
**Attorneys for State Farm Florida**
**Insurance Company**

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify I have this day electronically filed the foregoing ***Notice of Filing Removal*** with the Clerk of Court via the Odyssey eFile GA e-filing system, which will send automatic notification to the following:

Jamie B. Hernan, Esq.
The Hernan Law Firm, P.C.
10896 Crabapple Road
Roswell, Georgia 30075
jamie@hernanfirm.com
*Attorney for Plaintiff Lonnie Love*

This 24th day of February, 2021.

SWIFT, CURRIE, McGHEE & HIERS

<u>/s/  Kristen M. Vigilant</u>
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
***Attorneys for State Farm Florida Insurance Company***

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LONNIE LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | FILE NO. _____ |
| | ) | [On removal from State |
| STATE FARM FLORIDA | ) | Court of Fulton County, |
| INSURANCE COMPANY, | ) | Georgia, Civil Action |
| | ) | File No. 20EV007743] |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

State Farm Florida Insurance Company ("State Farm"), Defendant in the above-styled civil action, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 within the time prescribed by law, respectfully showing this Court as follows:

1.

On December 23, 2020, Plaintiff Lonnie Love ("Plaintiff"), by and through counsel, filed a Complaint against State Farm in the State Court of Fulton County, Georgia, styled as *Lonnie Love v. State Farm Florida Insurance Company*, and assigned Civil Action File No. 20EV007743 (the "State Court Action"). True and correct copies of all filings to date in the Superior Court Action are collectively attached hereto as **Exhibit "1"**.

2.

Pursuant to Fla. Stat. § 48.151, State Farm has designated the Chief Financial Officer of Florida as its Statutory Registered Agent for Service of Process.  On January 13, 2021, Plaintiff delivered the Complaint and Summons to the Chief Financial Officer of Florida.  The Chief Financial Officer of Florida then forwarded the Summons and Complaint to State Farm's registered agent on January 25, 2021.  Thus, State Farm was serve on January 25, 2021.  This Notice of Removal is filed within 30 days of January 25, 2021, the date on which State Farm was served with the Complaint and notice of the subject lawsuit.  This Notice of Removal is also filed within one year of the commencement of the action.  Thus, removal is timely under 28 U.S.C. § 1446(b).

3.

The United States District Court for the Northern District of Georgia, Atlanta Division, embraces Fulton County, Georgia.  Thus, removal to this Court is proper under 28 U.S.C. § 1441(a).

4.

Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, State Farm will give written notice to Plaintiff and will file a copy of this

Notice of Removal with the Clerk of Superior Court of Fulton County, which shall effect the removal.

## **DIVERSITY JURISDICTION**

5.

The United States District Court for the Northern District of Georgia, Atlanta Division, possesses diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6.

For the purpose of determining diversity, an individual's citizenship is based upon his domicile, not every place he has a residence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *Id.* at 1257-58.

7.

Plaintiff was a resident of Georgia on the date that the Complaint was filed. The address on the Declarations Page of Plaintiffs' insurance policy with State Farm is an Atlanta, Georgia address.  (Dkt. 1-1, Compl. ¶ 11; Hogge Decl. ¶ 4, attached hereto as **Exhibit "2,"** at Ex. 1 thereto.)  Plaintiff maintains a residence in Alpharetta, Georgia, where he has lived with his children for about four years.

(Hogge Decl. ¶ 5, Ex. 2 at 7; Hogge Decl. ¶ 6, Ex. 2 at 8.)  Plaintiff has a Georgia driver's license.  (Hogge Decl. ¶ 8, Ex. 2 at 7.)  During his examination under oath, Plaintiff testified that owns U Digg Music Group; Love Holdings, LLC; Love Parking; and Money M.O.B. ENT.  (Hogge Decl. ¶ 9, Ex. 2 at 12.)  Plaintiff testified that all of the entities are Georgia entities, except U Digg Music Group.  (Hogge Decl. ¶ 9, Ex. 2 at 12-13.)  Although Plaintiff allegedly has a residence in Florida, during his examination under oath, he declined to identify anyone with whom he lives in Florida.  (Hogge Decl. ¶ 7, Ext. 2 at 9.)  Thus, Plaintiff is a citizen of the State of Georgia.

### 8.

At all times relevant to this action, State Farm was a corporation organized under the laws of the State of Florida, with its principal place of business in the State of Florida.  Thus, State Farm is a citizen of the State of Florida.

### 9.

Because Plaintiff and State Farm are citizens of different States, complete diversity exists between Plaintiff and State Farm in accordance with 28 U.S.C. § 1332(a)(1).

10.

Plaintiff alleges in the Complaint that the value of his claim is at least $137,200.  In addition, before suit was filed, Plaintiff submitted a sworn statement in proof of loss, in which he claimed that the amount of his loss, which is the subject of this lawsuit, is $137,200.00.   (Hogge Decl. ¶ 10.)   It is State Farm's belief that, although Plaintiff did not specify the amount of damages to be sought at trial in his Complaint, the amount of contract damages sought by Plaintiff at the trial of this case would be in excess of $75,000.00.  Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

11.

Venue is proper in this Court for purposes of removal under 28 U.S.C. § 1441(a), but not necessarily for purposes of 28 U.S.C. § 1391 or any other applicable venue provision.  By filing this Notice of Removal, State Farm does not waive any of its jurisdictional objections or affirmative defenses.

WHEREFORE, State Farm prays that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1446, and that no further proceedings be had in said case in the Superior Court of Fulton County, Georgia.

This 24th day of February, 2021.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

/s/  Kristen M. Vigilant
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
**Attorneys for State Farm Florida
Insurance Company**

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

## <u>LOCAL RULE 5.1C CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this 24th day of February, 2021.

SWIFT, CURRIE, McGHEE & HIERS

*/s/  Kristen M. Vigilant*
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
***Attorneys for State Farm Florida
Insurance Company***

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify I have this day electronically filed the foregoing ***Notice of Removal*** with the Clerk of Court via the CM/ECF system, through which the Court will send notification to the following attorney:

Jamie B. Hernan, Esq.
The Hernan Law Firm, P.C.
10896 Crabapple Road
Roswell, Georgia 30075
jamie@hernanfirm.com
*Attorney for Plaintiff Lonnie Love*

This 24ᵗʰ day of February, 2021.

SWIFT, CURRIE, McGHEE & HIERS

*/s/  Kristen M. Vigilant*
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
***Attorneys for State Farm Florida Insurance Company***

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com