**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LONNIE LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | FILE NO. _____ |
| | ) | [On removal from State |
| STATE FARM FLORIDA | ) | Court of Fulton County, |
| INSURANCE COMPANY, | ) | Georgia, Civil Action |
| | ) | File No. 20EV007743] |
| Defendant. | ) | |
| | ) | |

## DEFENDANT STATE FARM FLORIDA INSURANCE COMPANY'S AFFIRMATIVE DEFENSES AND ANSWER

State Farm Florida Insurance Company ("State Farm"), Defendant in the above-styled civil action, files its Affirmative Defenses and Answer to Plaintiff Lonnie Love's Complaint (hereinafter the "Plaintiff's Complaint" or "Complaint") as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the policy issued to Plaintiff having policy number 59-CK-S034-0 ("Policy") because Plaintiff failed to satisfy the conditions precedent to recovery.  Specifically, the Policy provides in **CONDITIONS**:

> 9.    **Suit Against Us**.   No action will be brought unless:
>
> > a.    there has been compliance with the policy provisions; and
> >
> > b.    the loss has become payable as specified in the **CONDITION** entitled "**Loss Payment**"…

The Policy also provides in **CONDITIONS**, as amended by **AMENDATORY ENDORSEMENT (Florida)**:

> 10.    **Loss Payment**.  We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment.  Loss will be payable:
>
> > a.    20 days after we receive your proof of loss and reach agreement with you; or
> >
> > b.    60 days after we receive your proof of loss and:
> >
> > > (1)    there is an entry of a final judgment; or

    (2)  there is a filing of an appraisal award with us.

## <u>THIRD AFFIRMATIVE DEFENSE</u>

  Plaintiff may not recover from State Farm under the Policy because Plaintiff failed to comply with all applicable Policy provisions before filing suit against State Farm.  Specifically, the Policy provides in **CONDITIONS**:

    9.  **Suit Against Us**.   No action will be brought unless:

      a.  there has been compliance with the policy provisions; and

      b.  the loss has become payable as specified in the **CONDITION** entitled "**Loss Payment**".

  The Policy also provides in **CONDITIONS**, as amended by **AMENDATORY ENDORSEMENT (Florida)**:

    10.  **Loss Payment**.  We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment.  Loss will be payable:

      a.  20 days after we receive your proof of loss and reach agreement with you; or

      b.  60 days after we receive your proof of loss and:

        (1)  there is an entry of a final judgment; or

(2)     there is a filing of an appraisal award
with us.

## FOURTH AFFIRMATIVE DEFENSE

State Farm contends that Plaintiff may not recover any benefits under the

Policy because Plaintiff failed to satisfy his duties as required under the Policy.

The Policy states in **CONDITIONS**:

. . .

7.     **Your Duties After Loss**.  In case a covered loss
occurs, you must:

a.     protect the property from further loss and
take all steps possible to minimize the loss.
Expenses incurred will be borne by you and
us proportionate to our respective interests;

b.     report as soon as practicable in writing to us
or our agent any loss or damage which may
become a claim under this policy (In case of
theft, the police are also to be notified); and

c.     file with us or our agent, within 90 days
after discovery of the loss, a signed sworn
proof of loss.  This will state the facts and
amount of the loss to the best of your
knowledge.

8.     **Examination Under Oath**.  You agree:

a.     to be examined under oath and subscribe to
the same as often as we reasonably require;

      b.      that employees, members of your household or others will be produced for examination under oath to the extent that it is within your power to do so;

      c.      to produce, if requested, the remains of the covered property; and

      d.      to produce such records as we may need to verify the claim and its amount, and to permit copies of such records to be made if needed.

. . .

## FIFTH AFFIRMATIVE DEFENSE

State Farm contends that Plaintiff may not recover any benefits under the Policy because Plaintiff violated the Policy's Concealment Or Fraud provision. The Policy provides in **CONDITIONS**:

    2.    **Concealment or Fraud**.  This entire policy will be void if, whether before or after a loss, you have intentionally concealed or misrepresented a material fact or circumstance relating to this insurance.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are limited by the Loss Settlement provision of the Policy.  The Policy provides in **CONDITIONS**, as amended by **FE-3357 LOSS SETTLEMENT ENDORSEMENT**:

3.     **Loss Settlement**.  We have the option of repairing or replacing the lost or damaged property.  Unless otherwise stated in this policy, covered property values will be determined at the time of loss or damage.   We will pay the cost of repair or replacement, but not more than the smallest of the following amounts:

a.     the full amount of our cost to repair the property to its condition immediately prior to the loss or damage.

b.     the full amount of our cost to replace the item with one substantially identical to the item lost or damaged;

c.     any special limit of liability described in this policy; or

d.     the limit of liability applicable to the property.

Any property we pay for or replace becomes our property.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to recover any alleged damages under **LOSSES INSURED AND LOSSES NOT INSURED** to the extent that the Loss did not result from a fortuitous loss and/or "accidental direct physical loss or damage to the property covered" as required by the Policy.  The Policy provides in pertinent part:

> We insure for accidental direct physical loss or damage to the property covered except loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event which contributes concurrently or in any sequence to the loss or damage.

### EIGHTH AFFIRMATIVE DEFENSE

State Farm has not breached any duty owed under the Policy with Plaintiff, and therefore Plaintiff may not recover from State Farm in any sum or manner whatsoever.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under a theory of breach of contract because State Farm has at all times hereto complied with its contractual duties.

### TENTH AFFIRMATIVE DEFENSE

State Farm is not indebted to Plaintiff for the sum sought or in any amount whatsoever.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempt to impose duties upon State Farm aside from those set forth in the Policy, Plaintiff's claims fail in both fact and law. Georgia law does not impose extra-contractual duties on insurers when adjusting

claims asserted by insureds.  Moreover, at all times relevant hereto, State Farm acted in good faith and in accordance with the terms and conditions of the Policy.

## TWELFTH AFFIRMATIVE DEFENSE

State Farm has at all times acted in good faith and with reasonable and probable cause with respect to the actions it has taken, and, therefore, Plaintiff fail to state a claim for bad faith penalties and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint seeks to recover bad faith penalties and attorneys' fees under O.C.G.A. § 33-4-6 against State Farm, such remedies are not available to Plaintiff inasmuch as State Farm has at all times acted reasonably, in good faith and with probable cause with respect to the actions it has taken and because Plaintiff failed to follow the procedural requirements mandated by the insurance contract and O.C.G.A. § 33-4-6 to perfect a claim for bad faith penalties and attorneys' fees; therefore Plaintiff's Complaint fails to state a claim under O.C.G.A. § 33-4-6.

## FOURTEENTH AFFIRMATIVE DEFENSE

Although State Farm denies that it breached the Policy or acted in bad faith with regard to the fact situation as set forth in Plaintiff's Complaint, to the extent that Plaintiff's Complaint or prayer for relief seeks, or is construed as seeking

damages other than the contractual damages or penalty under O.C.G.A. § 33-4-6, such remedies are not available to the Plaintiff inasmuch as O.C.G.A. § 33-4-6 is the sole manner by which to recover extra-contractual damages in a first-party dispute over payment of insurance benefits.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint seeks damages against State Farm other than contractual damages, Plaintiff has failed to state a claim for bad faith penalties, attorneys' fees, or extra-contractual damages. State Farm has at all times acted in good faith with respect to the actions it has taken, and the Plaintiff, therefore, fails to state a claim pursuant to O.C.G.A. § 33-4-6 for any bad faith penalty and attorneys' fees. Furthermore, Plaintiff did not submit a timely demand prior to filing its action, as required by O.C.G.A. § 33-4-6.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover from State Farm under the Policy because Plaintiff breached the terms and conditions of the Policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The facts and circumstances forming the basis of Plaintiff's Complaint were brought about by and as a result of Plaintiff's or his representative's conduct, and Plaintiff is therefore estopped or precluded from recovery herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

State Farm is not liable to Plaintiff because it did not act tortiously or negligently in any manner whatsoever in regard to the fact situation set forth in the Plaintiff's Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to recover from State Farm in tort, Plaintiff is barred from recovery. The relationship between Plaintiff and State Farm is solely based upon the Policy and does not support an action in tort.

## TWENTIETH AFFIRMATIVE DEFENSE

No act or omission on the part of State Farm caused or contributed to any of the alleged injuries or damages claimed by Plaintiff, and therefore Plaintiff is not entitled to recover anything from State Farm.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because any award of such damages would violate the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution by allowing the jury broad discretion to determine punishment and by depriving State Farm of prior notice of the consequences of its alleged actions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to establish a cause of action against State Farm for violation of the Unfair Settlement Practices (O.C.G.A. § 33-6-30), Plaintiff fails to state a claim upon which relief can be granted.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to establish a cause of action against State Farm based on the provisions of Georgia's Unfair Claims Settlement Practices Act contained in O.C.G.A. § 33-6-34, Plaintiffs fail to state a claim upon which relief could be granted.  By its express terms, the Unfair Claims Settlement Practices Act does not create a private cause of action.  O.C.G.A. § 33-6-37.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against State Farm upon which relief can be granted for violation of the Unfair Business Practices (O.C.G.A. § 10-1-391, et seq.).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against State Farm for attorneys' fees pursuant to O.C.G.A. § 13-6-11.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against State Farm for punitive damages upon which relief can be granted.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for discrimination against State Farm upon which relief can be granted.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are limited by the coverage limits set forth in the Policy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff waived his right to insist upon State Farm's compliance with the Policy due to his own failure to comply with the Policy's conditions.

## THIRTIETH AFFIRMATIVE DEFENSE

State Farm expressly reserves the right to assert any and all affirmative defense(s) and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.  Subject to and without waiving any of their other respective rights, jurisdictional or legal defenses, or objections, State Farm responds to the specific allegations contained in the individual and enumerated paragraphs of the Complaint as follows:

## <u>PARTIES AND JURISDICTION</u>

## NATURE OF THE CASE

### 1.

State Farm admits only that it issued a personal articles policy to Plaintiff bearing policy number 59-CK-S034-0, which provided coverage for specific, scheduled items subject to the Policy's terms and conditions and applicable law. State Farm denies that Exhibit A is a true and accurate copy of the Policy in effect on the date of the loss.  State Farm denies all remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

### PARTIES

### 2.

State Farm denies the allegations of Paragraph 2 of Plaintiff's Complaint, as pled.

### 3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, State Farm admits that it is a foreign insurance company with its principal place of business located in Winter Haven, Florida and is authorized to conduct business in the State of Georgia.

4.

State Farm admits that pursuant to section 48.151(1), Florida Statutes, it has designated the Chief Financial Officer of Florida as its Statutory Registered Agent for Service of Process.  State Farm denies any remaining allegations of Paragraph 4 of Plaintiff's Complaint.

5.

State Farm admits that it may be served with summons and process through its registered agent.  State Farm denies any remaining allegations of Paragraph 5 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

6.

State Farm admits that Plaintiff initiated a claim with State Farm related to a theft that allegedly occurred on September 6, 2020, at 887 Spring St NW, Atlanta, Fulton County, Georgia 30308.  State Farm denies the remaining allegations of Paragraph 6 of Plaintiff's Complaint.

7.

State Farm admits that Plaintiff initiated a claim with State Farm related to a theft that allegedly occurred on September 6, 2020, at 887 Spring St NW, Atlanta,

Fulton County, Georgia 30308.  State Farm denies the remaining allegations of Paragraph 7 of Plaintiff's Complaint.

8.

State Farm admits the allegations of Paragraph 8 of Plaintiff's Complaint.

9.

State Farm admits that it is a foreign insurance company with its principal place of business located in Winter Haven, Florida and is authorized to conduct business in the State of Georgia.  State Farm denies any remaining allegations of Paragraph 9 of Plaintiff's Complaint.

10.

State Farm admits that it is a foreign insurance company with its principal place of business located in Winter Haven, Florida and is authorized to conduct business in the State of Georgia.  State Farm denies any remaining allegations of Paragraph 10 of Plaintiff's Complaint.

11.

State Farm admits that the address listed on the Declarations page of policy number 59-CK-S034-0 is P.O. Box 19897, Atlanta, Georgia 30325-0897.  State Farm denies any remaining allegations of Paragraph 11 of Plaintiff's Complaint.

12.

State Farm admits that the offices of its coverage counsel in this matter and the undersigned attorneys is in Atlanta, Georgia.  State Farm denies any remaining allegations of Paragraph 12 of Plaintiff's Complaint.

13.

State Farm admits that Plaintiff initiated a claim with State Farm related to a theft that allegedly occurred on September 6, 2020, at 887 Spring St NW, Atlanta, Georgia 30308.  State Farm further admits that its counsel conducted an examination under oath of Plaintiff in Fulton County, Georgia.  State Farm denies any remaining allegations of Paragraph 13 of Plaintiff's Complaint.

14.

State Farm admits the allegations of Paragraph 14 of Plaintiff's Complaint insofar as State Farm does not dispute jurisdiction in this Court.  However, State Farm denies that Fulton County is the only proper jurisdiction for this dispute. State Farm denies any remaining allegations of Paragraph 14 of Plaintiff's Complaint.

15.

State Farm admits that venue is proper in Fulton County.  However, by way of further response, State Farm denies that Fulton County is the only proper venue

for this dispute.  State Farm denies any remaining allegations of Paragraph 15 of Plaintiff's Complaint.

16.

State Farm admits that venue is proper in Fulton County.  However, by way of further response, State Farm denies that Fulton County is the only proper venue for this dispute.  State Farm denies any remaining allegations of Paragraph 16 of Plaintiff's Complaint.

17.

State Farm admits that venue is proper in Fulton County.  However, by way of further response, State Farm denies that Fulton County is the only proper venue for this dispute.  State Farm denies any remaining allegations of Paragraph 17 of Plaintiff's Complaint.

**FACTS AND CAUSES OF ACTION**

18.

State Farm admits that on September 18, 2020, Plaintiff reported that his vehicle was stolen on September 6, 2020, from a parking lot located at 887 Spring St NW, Atlanta, Georgia 30308 and that personal property within the vehicle was stolen.  State Farm denies any remaining allegations of Paragraph 18 of Plaintiff's Complaint.

19.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 19 of Plaintiff's Complaint.

20.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 20 of Plaintiff's Complaint.

21.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 21 of Plaintiff's Complaint.

22.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 22 of Plaintiff's Complaint.

23.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 22 of Plaintiff's Complaint.

24.

State Farm admits only that it issued a personal articles policy to Plaintiff bearing policy number 59-CK-S034-0, which provided coverage to scheduled items subject to the Policy's terms and conditions and applicable law. State Farm denies all remaining allegations of Paragraph 24 of Plaintiff's Complaint.

25.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 25 of Plaintiff's Complaint.

26.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 26 of Plaintiff's Complaint.

27.

State Farm lacks knowledge or information sufficient to form a belief as to
the truth of the allegations of Paragraph 27 of Plaintiff's Complaint. Accordingly,
State Farm denies all allegations of Paragraph 27 of Plaintiff's Complaint.

28.

State Farm lacks knowledge or information sufficient to form a belief as to
the truth of the allegations of Paragraph 28 of Plaintiff's Complaint. Accordingly,
State Farm denies all allegations of Paragraph 28 of Plaintiff's Complaint.

29.

State Farm lacks knowledge or information sufficient to form a belief as to
the truth of the allegations of Paragraph 29 of Plaintiff's Complaint. Accordingly,
State Farm denies all allegations of Paragraph 29 of Plaintiff's Complaint.

30.

State Farm lacks knowledge or information sufficient to form a belief as to
the truth of the allegations of Paragraph 30 of Plaintiff's Complaint. Accordingly,
State Farm denies all allegations of Paragraph 30 of Plaintiff's Complaint.

31.

State Farm admits that Plaintiff initiated a claim with State Farm related to a
theft that allegedly occurred on September 6, 2020, at 887 Spring St NW, Atlanta,

Fulton County, Georgia 30308, which was assigned claim number 59-11P3-20M ("Claim"). State Farm denies all remaining allegations of Paragraph 31 of Plaintiff's Complaint.

32.

State Farm admits that it assigned the investigation of claim number 59-11P3-20M to its special investigative unit on September 23, 2020. State Farm denies all remaining allegations in Paragraph 32 of Plaintiff's Complaint and specifically denies any allegations of discrimination.

33.

State Farm denies the allegations of Paragraph 33 of Plaintiff's Complaint.

34.

State Farm admits that it investigated claim number 59-11P3-20M subjected to its reservation of rights letter dated October 9, 2020. State Farm admits that its counsel questioned Plaintiff during an examination under oath. State Farm denies all remaining allegations of Paragraph 34 of Plaintiff's Complaint.

35.

State Farm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of Plaintiff's Complaint. Accordingly, State Farm denies all allegations of Paragraph 35 of Plaintiff's Complaint.

36.

State Farm denies the allegations of Paragraph 36 of Plaintiff's Complaint. By way of further explanation, State Farm shows that Plaintiff was required to comply with the **Suit Against Us** provisions of the Policy prior to filing suit.

37.

State Farm denies the allegations of Paragraph 37 of Plaintiff's Complaint.

38.

State Farm denies the allegations of Paragraph 38 of Plaintiff's Complaint.

39.

State Farm admits that its claims specialist requested that Plaintiff submit a supplemental police report.   State Farm denies the remaining allegations of Paragraph 39 of Plaintiff's Complaint.

40.

State Farm admits that it requested that Plaintiff submit a Sworn Statement in Proof of Loss and that Plaintiff submitted a Sworn Statement in Proof of Loss on September 24, 2020.  State Farm denies any remaining allegations of Paragraph 40 of Plaintiff's Complaint, as stated.

41.

State Farm admits that it retained counsel as part of its investigation of claim number 59-11P3-20M.  State Farm denies all remaining allegations of Paragraph 41 of Plaintiff's Complaint.

42.

State Farm admits that, pursuant to the terms and conditions of the Policy, it required Plaintiff to submit to an examination under oath.  State Farm denies all remaining allegations of Paragraph 42 Plaintiff's Complaint.

43.

State Farm admits that Plaintiff appeared for an examination under oath on November 5, 2020.  State Farm denies the remaining allegations of Paragraph 43 of Plaintiff's Complaint and denies that Plaintiff completed his examination under oath.

44.

State Farm denies the allegations of Paragraph 44 of Plaintiff's Complaint.

45.

State Farm denies the allegations of Paragraph 45 of Plaintiff's Complaint.

46.

State Farm admits only that its letter dated November 2, 2020, requested specific documents and information necessary to State Farm's investigation of claim number 59-11P3-20M.  State Farm denies all remaining allegations of Paragraph 46 of Plaintiff's Complaint.

47.

State Farm admits that among the documents requested in the November 2, 2020 letter were Plaintiff's personal tax returns for the years 2018 and 2019; bank statements held individually or jointly by Plaintiff and which reflect transaction detail for the period of March 6, 2020 to September, 6, 2020; credit card statements for each credit card held by Plaintiff individually or jointly and which reflect transaction detail for the period of March 6, 2020 to September 6, 2020; personal cell phone service statements which reflect call details for the period of September 6 and 7, 2020; and documents which support Plaintiff's residence, including his utility bills, mortgage statements, and lease agreements.  State Farm denies that this was a complete list of the documents requests and further denies the remaining allegations of Paragraph 47 of Plaintiff's Complaint, as stated.

48.

State Farm denies the allegations of Paragraph 48 of Plaintiff's Complaint.

49.

State Farm admits that the Policy provides in CONDITIONS, 8. **Examination Under Oath**, as follows: "You agree… d. to produce such records as we may need to verify the claim and its amount, and to permit copies of such records to be made if needed." State Farm denies all remaining allegations of Paragraph 49 of Plaintiff's Complaint or any inferences or characterizations of the Policy language which are inconsistent with the Policy.

50.

State Farm denies the allegations of Paragraph 50 of Plaintiff's Complaint, as stated.

51.

State Farm admits that Plaintiff's counsel wrote to State Farm on November 10, 2020 and that the substance of such letter speaks for itself. State Farm denies all remaining allegations of Paragraph 51 of Plaintiff's Complaint.

52.

State Farm admits that in its letter dated December 1, 2020, State Farm reiterated its request for documents and information necessary to its investigation of claim number 59-11P3-20M that it initially requested in its letter dated November 2, 2020, and specific documents and information related to information

State Farm learned during Plaintiff's examination under oath. State Farm denies all remaining allegations of Paragraph 52 of Plaintiff's Complaint.

53.

State Farm denies the allegations of Paragraph 53 of Plaintiff's Complaint.

54.

State Farm denies the allegations of Paragraph 54 of Plaintiff's Complaint.

55.

State Farm denies the allegations of Paragraph 55 of Plaintiff's Complaint.

56.

State Farm admits that it has not issued payment on Plaintiff's claim because the loss was payable at the time the lawsuit was filed and because it had not completed its investigation of claim number 59-11P3-20M before this lawsuit was filed. State Farm denies the remaining allegations of Paragraph 56 of Plaintiff's Complaint.

57.

State Farm denies the allegations of Paragraph 57 of Plaintiff's Complaint.

58.

State Farm denies the allegations of Paragraph 58 of Plaintiff's Complaint.

59.

State Farm denies the allegations of Paragraph 59 of Plaintiff's Complaint.

60.

State Farm denies the allegations of Paragraph 60 of Plaintiff's Complaint.

61.

State Farm denies the allegations of Paragraph 61 of Plaintiff's Complaint.

62.

State Farm denies the allegations of Paragraph 62 of Plaintiff's Complaint.

63.

State Farm denies the allegations of Paragraph 63 of Plaintiff's Complaint.

64.

State Farm denies the allegations of Paragraph 64 of Plaintiff's Complaint.

65.

State Farm denies the allegations of Paragraph 65 of Plaintiff's Complaint.

66.

State Farm denies the allegations of Paragraph 66 of Plaintiff's Complaint.

67.

State Farm denies the allegations of Paragraph 67 of Plaintiff's Complaint.

68.

State Farm denies the allegations of Paragraph 68 of Plaintiff's Complaint.

69.

State Farm denies the allegations of Paragraph 69 of Plaintiff's Complaint.

70.

State Farm denies the allegations of Paragraph 70 of Plaintiff's Complaint, as stated.  State Farm expressly denies Plaintiff's characterization of State Farm's investigation of claim number 59-11P3-20M.

71.

State Farm denies the allegations of Paragraph 71 of Plaintiff's Complaint.

72.

State Farm denies the allegations of Paragraph 72 of Plaintiff's Complaint.

73.

WHEREFORE, State Farm requests that the following relief be granted:

a)      That Plaintiff's Complaint is dismissed with prejudice;

b)      That State Farm be awarded assessments, interest, and late charges, in amounts to be proven at trial;

c)      That State Farm be awarded its reasonable attorneys' fees and costs incurred in asserting its rights through this action;

d)      That State Farm be awarded such other and further relief as this Court

deems just and proper.

This 24th day of February, 2021.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

*/s/  Kristen M. Vigilant*
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
***Attorneys for State Farm Florida***
***Insurance Company***

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

## <u>LOCAL RULE 5.1C CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this 24th day of February, 2021.

SWIFT, CURRIE, McGHEE & HIERS

*/s/  Kristen M. Vigilant*
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
***Attorneys for State Farm Florida***
***Insurance Company***

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify I have this day electronically filed ***Defendant State Farm Florida Insurance Company's Affirmative Defenses and Answer*** with the Clerk of Court via the CM/ECF system, through which the Court will send notification to the following attorney:

Jamie B. Hernan, Esq.
The Hernan Law Firm, P.C.
10896 Crabapple Road
Roswell, Georgia 30075
jamie@hernanfirm.com
*Attorney for Plaintiff Lonnie Love*

This 24th day of February, 2021.

SWIFT, CURRIE, McGHEE & HIERS

*/s/  Kristen M. Vigilant*
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
***Attorneys for State Farm Florida Insurance Company***

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com