## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LONNIE LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:21-cv-00786-ELR |
| STATE FARM FLORIDA | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Lonnie Love ("Plaintiff") and Defendant State Farm Florida Insurance Company ("Defendant State Farm") (together, the "Parties") hereby submit their Joint Preliminary Report and Discovery Plan as follows:

**1.     Description of Case:**

(a)     Describe briefly the nature of this action.

**Response:**

**Plaintiff submits this Joint Preliminary Report and Discovery Plan subject to its Motion to Remand filed in this matter and asserting that Defendant's Notice of Removal was not timely. Plaintiff reserves all rights and asserts that Defendant State Farm is in default in this matter and that this matter should be remanded to the State Court of Fulton County, Georgia.**

Subject to such reserved rights, Plaintiff submits this Joint Preliminary Report and Discovery Plan to comply with the rules and orders of this Court.

Defendant State Farm denies it is in default. Pursuant to Fla. Stat. § 48.151, Defendant State Farm designated the Chief Financial Officer of Florida as its Statutory Registered Agent for Service of Process. On January 13, 2021, Plaintiff delivered the Complaint and Summons to the Chief Financial Officer of Florida. The Chief Financial Officer of Florida then forwarded the Summons and Complaint to State Farm's registered agent on January 25, 2021. Thus, State Farm contends that it was served on January 25, 2021. State Farm contends that it timely filed its Answer on February 24, 2021.

Plaintiff alleges breach of contract against Defendant State Farm for its alleged failure to pay claims asserted under an insurance policy that Defendant issued to Plaintiff. Plaintiff also alleges that Defendant State Farm acted in bad faith, engaged in unfair acts or practices under O.C.G.A. § 33-6-4, and seeks punitive damages and attorneys' fees under O.C.G.A. § 13-6-11.

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Response:**

Defendant State Farm issued personal articles policy number 59-CK-S034-0 ("Policy") to Plaintiff on June 15, 2020, which provided coverage for certain scheduled jewelry items subject to the Policy's terms and conditions and applicable law.  The address listed on the Policy's Declarations page is a P.O. Box in Atlanta, Georgia.  On August 10, 2020, the Policy was amended to add a diamond band, bringing the total value of the three scheduled jewelry items to $137,200.00.   The policy period for the amended Policy is August 10, 2020 to June 15, 2021.  Plaintiff contends that he submitted the diamond band for inclusion in the Policy at the same time as the other jewelry.

On September 18, 2020, Plaintiff reported that his white 2020 Bentley Flying Spur was stolen with the insured jewelry in it while Plaintiff was retrieving his vehicle from the valet at The Cheetah nightclub, located at 887 Spring Street, Atlanta, Georgia, on September 6, 2020 ("Loss").  Plaintiff reported that when he exited his vehicle to avoid a shooting, an individual jumped into Plaintiff's vehicle and drove away.

The Loss was assigned claim number 59-11P3-20M ("Claim"). Plaintiff contends that damages of $137,200.00, the value of the scheduled jewelry items,

are covered and owed under the Policy.  Defendant State Farm contends that it was unable to complete its investigation of the Loss because Plaintiff filed this lawsuit before providing documents and information material to its investigation of the Claim, which Defendant requested pursuant to the Policy, and that other coverage defenses, as set forth in its Answer and discussed below, may apply.

On December 23, 2020, Plaintiff filed his Complaint against Defendant State Farm in the State Court of Fulton County, Georgia.  Pursuant to Fla. Stat. § 48.151, Defendant State Farm designated the Chief Financial Officer of Florida as its Statutory Registered Agent for Service of Process.  On January 13, 2021, Plaintiff delivered the Complaint and Summons to the Chief Financial Officer of Florida.  The Chief Financial Officer of Florida then forwarded the Summons and Complaint to Defendant State Farm's registered agent on January 25, 2021.  Thus, Defendant State Farm asserts it was served on January 25, 2021, and Plaintiff asserts that Defendant State Farm was served on January 13, 2021.  Plaintiff has filed a Motion to Remand claiming that the Notice of Removal filed by Defendant was not timely and that Defendant is in default in this matter.  In the Complaint, Plaintiff asserts claims for breach of contract, bad faith, unfair acts or practices under

O.C.G.A. § 33-6-4, punitive damages and attorneys' fees under O.C.G.A. § 13-6-11. Defendant State Farm asserts that it timely filed its Answer. Plaintiff disagrees and filed a Motion to Remand in this matter. Defendant State Farm removed the case to this Court on February 24, 2021, which removal it contends was timely. Plaintiff asserts that such removal was untimely.

Plaintiff contends that he is owed $137,200.00 under the Policy and other associated damages. Defendant State Farm contends that Plaintiff is barred from recovering from Defendant State Farm because Plaintiff breached the terms and conditions of the Policy. Defendant State Farm also contends that Plaintiff violated the Policy's Concealment or Fraud, Duties After Loss, and Suit Against Us provisions.

(c)     The legal issues to be tried are as follows:

**Plaintiff's Response:**

(1)     Whether a covered theft loss occurred under the Policy;

(2)     Whether or not Defendant State Farm's failure to pay the claim of Plaintiff pursuant to the Policy was due to bias and the amount of the applicable damages due to Plaintiff as a result;

(3)    Whether Defendant State Farm failed to pay a claim it was

obligated to pay and the amount of the applicable damages

due to Plaintiff as a result;

(4)    Whether or not Defendant State Farm acted in bad faith and

the amount of the applicable damages due to Plaintiff as a

result;

(5)    Whether or not Defendant State Farm engaged in unfair acts

or practices pursuant to O.C.G.A. § 33-6-4 and the amount

of the applicable damages due to Plaintiff as a result;

(6)    Whether or not punitive damages are appropriate in this

matter and the amount of such punitive damages;

(7)    Whether or not Plaintiff is entitled to compensation

pursuant to O.C.G.A. § 13-6-11; and

(8)    The amount of damages due to Plaintiff for all claims set

forth in Plaintiff's pleadings.

**Defendant State Farm's Response:**

(1)    Whether a covered theft loss occurred;

(2)    Whether Plaintiff complied with his contractual duties after

loss, including without limitation, providing requested

documents and information and completing his examination under oath;

(3)     Whether the damages alleged by Plaintiff are covered under the Policy;

(4)     Whether Plaintiff failed to satisfy his Duties After Loss as set forth in the Policy;

(5)     Whether Plaintiff's claims are barred because he concealed or misrepresented any material facts regarding the losses at issue;

(6)     Whether Plaintiff's claims are barred because he failed to satisfy the conditions precedent to recovery;

(7)     Whether Plaintiff's claims are barred because he failed to comply with the Policy's Suit Against Us provision;

(8)     Whether Plaintiff's claims are barred because he failed to comply with the Policy's Your Duties After Loss or Examination Under Oath provision;

(9)     Whether Plaintiff's damages are limited by the Loss Settlement provisions of the Policy;

**(10)  Whether the Loss result from a fortuitous loss and/or "accidental direct physical loss or damage to the property covered," as required by the Policy;**

**(11)  Whether Defendant State Farm failed to pay a claim it was obligated to pay;**

**(12)  Whether Defendant State Farm acted in bad faith;**

**(13)  Whether Plaintiff can recover and whether Defendant State Farm is liable to Plaintiff for any alleged unfair acts or practices under O.C.G.A. § 33-6-4;**

**(14)  Whether Plaintiff can recover under O.C.G.A. § 13-6-11; and**

**(15)  The amount of damages substantiated by Plaintiff.**

(d)    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases:

**Response:  None.**

(2)    Previously Adjudicated Related Cases:

**Response:  None.**

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

\_\_\_\_\_ (1)    Unusually large number of parties

\_\_\_\_\_ (2)    Unusually large number of claims or defenses

_____ (3)   Factual issues are exceptionally complex

_____ (4)   Greater than normal volume of evidence

__X__ (5)   Extended discovery period is needed

_____ (6)   Problems locating or preserving evidence

_____ (7)   Pending parallel investigations or action by government

_____ (8)   Multiple use of experts

_____ (9)   Need for discovery outside United States boundaries

_____ (10)  Existence of highly technical issues and proof

_____ (11)  Unusually   complex   discovery   of   electronically   stored

information

**3.**   **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**For Plaintiff:**          Jamie B. Hernan
                            Georgia Bar No. 348555
                            The Hernan Law Firm PC
                            10896 Crabapple Road
                            Roswell, Georgia 30075
                            Tel: (678) 275-4000
                            Fax: (678) 265-4000
                            jamie@hernanfirm.com

|                       |                                          |
|-----------------------|------------------------------------------|
| **For Defendant:**    | Rebecca E. Strickland                    |
|                       | Georgia Bar No. 358183                   |
|                       | Swift, Currie, McGhee & Hiers, LLP       |
|                       | 1355 Peachtree St., N.E., Suite 300      |
|                       | Atlanta, Georgia 30309                   |
|                       | Tel: (404) 874-8800                      |
|                       | Fax: (404) 888-6199                      |
|                       | rebecca.strickland@swiftcurrie.com       |

4.     **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

  _X_   Yes           _____   No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**Plaintiff:**   **Plaintiff asserts that Defendant State Farm's Notice of Removal was untimely and that this matter should be remanded to the State Court of Fulton County, Georgia. Defendant State Farm denies this contention, as set forth above.**

5.     **Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined:

   **Response:   None.**

(b)     The following persons are improperly joined as parties:

   **Response:   None.**

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Response:**   None.

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Response:**   None at this time.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)    *Motions to Compel*: Before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions*: Within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  *See* FED. R. CIV. P. 26(A)(1)(B).

**Response:  Plaintiff requests that the Court allow the parties to delay filing Initial Disclosures until such time as the Court has entered an order in connection with Plaintiff's Motion to Remand and directs the parties to file such Initial Disclosures.**

**Defendant State Farm objects to such request, showing that it has already filed its Initial Disclosures.**

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues to be addressed and the position of each party.

**Response:  The Parties do not request a scheduling conference at this time.**

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Response:**

(1)    **The facts and circumstances surrounding the Loss;**

(2)    **The facts and circumstances related to whether Plaintiff complied with his duties after loss;**

(3)    **The facts and circumstances related to whether Plaintiff complied with the terms and conditions of the Policy;**

(4)    **The facts and circumstances which would show whether Plaintiff misrepresented or concealed material facts regarding the Loss;**

(5)    **Applicability of any exclusions or conditions under the Policy;**

(6)    **The claim investigation, including whether Plaintiff's timely provided information in said investigation;**

(7)     Facts and circumstances regarding Plaintiff's claims for bad faith claim;

(8)     Facts and circumstances regarding Plaintiff's allegations regarding unfair acts or practices under O.C.G.A. § 33-6-4;

(9)     Facts and circumstances regarding Plaintiff's claim for attorneys' fees under O.C.G.A. § 13-6-11;

(10)    Plaintiff's actions or inactions which affected the progress of the investigation, if any;

(11)    The amount of covered damages, if any; and

(12)    Whether the damages claimed by Plaintiff are excluded and/or barred by the Policy and/or Georgia law.

In addition, Plaintiff contends that discovery into the following areas is required, which Defendant State Farm disputes:

(13)    The facts and circumstances surrounding the basis of Defendant State Farm's refusal to pay the claim of Plaintiff pursuant to the Policy including, without limitation, bias, if any;

(14)    Defendant's actions or inactions which affected the progress of the payment of the claim of Plaintiff pursuant to the Policy, if any.

**Other issues may arise as discovery proceeds. Accordingly, these categories are not exhaustive, and the Parties are free to seek any discovery that is proper.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**<u>Response</u>: The Parties request that discovery in this matter be extended to six (6) months. The Parties anticipate numerous depositions of fact witnesses and extensive non-party discovery. The Parties reserve the right to request an extension from the Court if additional time is required to complete discovery.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**<u>Response</u>:  None.**

(b)   Is any party seeking discovery electronically stored information?

___X___ Yes _____ No

If "yes,"

(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**Response**:  **The Parties are not aware of any issues concerning the preservation, identification, disclosure, discovery, or cost of production of electronically stored information at this time.**

**To the extent that Plaintiff will request relevant claim information from Defendant State Farm, this information will be produced electronically in the format discussed below.**

**To the extent that Defendant State Farm requests relevant information from Plaintiff, this information will be produced electronically in the format discussed below.**

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Response:**   **The default production format for unstructured discoverable electronically stored information will be searchable static image formats such as single-page TIFF or JPEG images (300 DPI) with corresponding multi-page text load files or PDF with an embedded text layer.  The default production format for structured discoverable electronically stored information will be in reasonably usable standard report formats available in the ordinary course of business.  A Party may produce electronically stored information that is not**

easily converted to image format, such as video or audio files in other reasonably usable electronic formats.

Upon request and demonstration of need, the Parties will meet and confer to discuss production in an alternative file format.

Electronically stored documents will be encrypted prior to production and produced via secure online docu-share program (such as ShareFile or equivalent) or shipped on reasonable encrypted external media unless otherwise agreed. Decryption passwords will be provided by separate shipment or electronic information.

Protections against the loss of any Attorney-Client Privilege, Work Product Protection or any other privilege or immunity will be set out in a stipulated protective order, and the Parties request that the Court approve that stipulation upon its submission.

The Parties anticipate that each Party will initially bear its own costs for the reasonable and proportional production of electronically stored Case information in this matter. If during the course of this matter a Responding Party believes that cost shifting would be necessary, the Responding Party will provide such notice to the Requesting Party, and the Parties will meet and confer to discuss the burdens associated with the discovery of the discoverable

**information and attempt to reach agreement regarding the allocation of costs.**

**If the Parties cannot agree, the Responding Party will bring a motion, and the**

**Court will determine whether the discovery is proportionate and/or if cost**

**should be allocated pursuant to FED. R. CIV. P. 26(c).**

(3)   In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**Response:   The Parties do not request a conference at this time.**

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Response:   None; however, Plaintiff has filed a Motion to Remand in this**

**matter.**

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was begun on **March 8, 2021**, and completed on **March 16, 2021**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff:**

**Lead counsel (signature):**      */s/ Jamie B. Hernan*

**For Defendant:**

**Lead counsel (signature):**      */s/ Rebecca E. Strickland*
**Other participants (signature):**   */s/ Kristen M. Vigilant*

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

> (_____)   A possibility of settlement before discovery.
> (__X__)   A possibility of settlement after discovery.
> (_____)   A possibility of settlement, but a conference with the judge is needed.
> (_____)   No possibility of settlement.

(c)     Counsel (__X__) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is: **unknown at this time**.

(d)     The following specific problems have created a hindrance to settlement of this case.

**Response:   None.**

## 14.    **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties _____ do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 20_____.

(b)     The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this ___26th___ day of March, 2021.

| | |
|---|---|
| THE HERNAN LAW FIRM, P.C. | SWIFT, CURRIE, McGHEE & HIERS, LLP |
| */s/ Jamie B. Hernan* | */s/ Kristen M. Vigilant* |
| [With express permission by Kristen M. Vigilant] | Rebecca E. Strickland |
| Jamie B. Hernan | Georgia Bar No. 358183 |
| Georgia Bar No. 348555 | Kristen M. Vigilant |
| The Hernan Law Firm, P.C. | Georgia Bar No. 191460 |
| 10896 Crabapple Road | 1355 Peachtree St., N.E., Suite 300 |
| Roswell, Georgia 30075 | Atlanta, Georgia 30309 |
| Tel: (678) 275-4000 | Tel: (404) 874-8800 |
| Fax: (678) 265-4000 | Fax: (404) 888-6199 |
| jamie@hernanfirm.com | rebecca.strickland@swiftcurrie.com |
| *Counsel for Plaintiff Lonnie Love* | kristen.vigilant@swiftcurrie.com |
| | *Counsel for Defendant State Farm Florida Insurance Company* |

## <u>LOCAL RULE 5.1C CERTIFICATION</u>

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

This ____26th____ day of March, 2021.

SWIFT, CURRIE, McGHEE & HIERS

*/s/  Kristen M. Vigilant*
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
***Attorneys for State Farm Florida***
***Insurance Company***

The Peachtree – Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing

***Joint Preliminary Report and Discovery Plan*** upon all parties to this matter via the

Court's required electronic filing system to counsel of record as follows:

Jamie B. Hernan, Esq.
The Hernan Law Firm, P.C.
10896 Crabapple Road
Roswell, Georgia 30075
jamie@hernanfirm.com
*Attorney for Plaintiff Lonnie Love*

This ____26ᵗʰ____ day of March, 2021.

SWIFT, CURRIE, McGHEE & HIERS

*/s/  Kristen M. Vigilant*
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
***Attorneys for State Farm Florida
Insurance Company***

The Peachtree – Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

LONNIE LOVE,                          )
                                      )
                    Plaintiff,        )
         v.                           )        CIVIL ACTION FILE
                                      )        NO. 1:21-cv-00786-ELR
STATE FARM FLORIDA                    )
INSURANCE COMPANY,                    )
                                      )
                    Defendant.        )
_____)

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

_____

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2021.

                              _____
                              Eleanor L. Ross
                              United States District Judge

4848-1303-7794, v. 1