IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LONNIE LOVE, )<br> )<br> Plaintiff, )<br>v. ) CIVIL ACTION FILE<br> ) NO. 1:21-cv-00786-ELR<br>STATE FARM FLORIDA )<br>INSURANCE COMPANY, )<br> )<br> Defendant. )<br> ) | |

**DEFENDANT STATE FARM FLORIDA INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

State Farm Florida Insurance Company ("State Farm"), Defendant in the above-styled action, hereby files its Response in Opposition to Plaintiff Lonnie Love's ("Love's") Motion to Remand as follows:

### I. INTRODUCTION AND PROCEDURAL HISTORY

This lawsuit arises from Love's claim for insurance benefits related to the reported theft of jewelry insured by State Farm from a nightclub in Fulton County, Georgia. *See generally* Dkt. 1-1. Love's Motion to Remand questions the timeliness of State Farm's removal, not this Court's subject matter jurisdiction. However, the issue presented in Love's Motion to Remand is one that a clear majority of district courts has already decided: the date upon which the 30 days for

removal under 28 U.S.C. § 1446(b) begins to run after service on a Florida insurer.[1] Florida law does not support Plaintiff's contention that the time in which to remove the case begins to run when the Complaint is delivered to Florida's Chief Financial Officer.[2] As discussed herein, State Farm timely removed this lawsuit, and Love's Motion to Remand should be denied.

### A.  Service of Process on Florida Insurers

Service of process on a Florida insurer involves two steps. Unlike in Georgia, Florida law mandates that Florida's Chief Financial Officer, a state official, is the agent for service of process on all Florida insurers. Fla. Stat. §§ 48.151(3), 624.422(1). Florida law also requires that all Florida insurers designate "the name and address of the person to whom process against it served upon the Chief Financial Officer is to be forwarded." Fla. Stat. § 624.422(1). After a party serves the Chief Financial Officer, the official "shall retain a record copy and promptly forward one copy of the process"

---

[1] The minority of district courts have held that the date that the 30 day period begins to run is the date that the Chief Financial Officer forwards the Complaint. *See Fin. Accounting Sols., Inc. v. Houston Cas. Co.*, 09-61084-CIV, 2009 WL 10668187, at *1 (S.D. Fla. Aug. 26, 2009). Here, State Farm received the Complaint the same day as it was forwarded, so that distinction is without consequence.

[2] The Chief Financial Officer of Florida was formerly known as the Insurance Commissioner. *Morse, LLC v. United Wisconsin Life Ins. Co.*, 356 F. Supp. 2d 1296, 1298 (S.D. Fla. 2005).

to the insurer's designated agent, often days later. *See* Fla. Stat. § 624.422(1). After the insurer first receives the lawsuit, it has 30 days to remove the lawsuit to federal court. 28 U.S.C. § 1446(b)(1); *Masters v. Nationwide Mut. Fire Ins. Co.*, 858 F. Supp. 1184, 1186 (M.D. Fla. 1994); *Morse, LLC v. United Wisconsin Life Ins. Co.*, 356 F. Supp. 2d 1296, 1298 (S.D. Fla. 2005); *Meadows Springlake Condo. Ass'n, Inc. v. Allstate Ins. Co.*, No. 806-CV-1282T-17MAP, 2006 WL 2864313, at *3 (M.D. Fla. Oct. 5, 2006).

**B.     Service of Process on State Farm**

On December 23, 2020, Love filed his Complaint against State Farm in the State Court of Fulton County, Georgia, the county in which the theft loss reportedly occurred. Dkt. 1-1. On January 13, 2021, Love delivered the Complaint and Summons to the Chief Financial Officer of Florida, who acts as the statutory agent for all Florida insurers. Dkt. 1-1 at 6.

On January 25, 2021, the Chief Financial Officer of Florida forwarded the Summons and Complaint by electronic delivery to State Farm's designated agent, Lynette Coleman. Dkt. 1-1 at 4. Because the Chief Financial Officer first forwarded and State Farm first received a copy of the lawsuit on January 25, 2021, the 30-day deadline for removal began to run on this date. *See Masters*, 858 F. Supp. at 1186; *Morse*, 356 F. Supp. 2d at 1298. State Farm timely filed its Answer

and removed the lawsuit to this Court on February 24, 2021, within the time required by 28 U.S.C. § 1446(b)(1).

Here, Love does not dispute this Court's subject matter jurisdiction. Instead, Love's Motion to Remand is premised entirely upon his flawed contention that State Farm's removal was untimely under 28 U.S.C. § 1446(b)(1) because the 30 days began to run when he served Florida's Chief Financial Officer. This contention is incorrect and ignores both the plain language of 28 U.S.C. § 1446(b)(1) and Florida law related to service on insurers. As discussed below, State Farm received the lawsuit on January 25, 2021, and timely removed it on February 24, 2021. Thus, Love's Motion to Remand should be denied.

## II.   ARGUMENT AND CITATION OF AUTHORITY

Under 28 U.S.C. § 1446(b)(1),

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Here, Love elected to serve State Farm in accordance with Florida service laws by delivering the Summons and Complaint to Florida's Chief Financial Officer of Florida on January 13, 2021. Dkt. 1-1 at 6. As outlined above, sections 48.151(3) and 624.422 of the Florida Statutes mandate that the Chief Financial Officer of the State of Florida is the agent for service of process on all Florida insurers. Under Florida law, "[p]rior to its authorization to transact insurance in [Florida], each insurer shall file with the department designation of the name and address of the person to whom process against it served upon the Chief Financial Officer is to be forwarded." Fla. Stat. § 624.422(1). Once served, the Chief Financial Officer "shall retain a record copy and promptly forward one copy of the process" to the individual designated by the insurer under Fla. Stat. § 624.422(1).

The deadline for a Florida insurer to remove a lawsuit to federal court begins to run when the insurer's designated agent, not Florida's Chief Financial Officer, receives the summons and complaint. *See Masters*, 858 F. Supp. at 1186; *Morse*, 356 F. Supp. 2d at 1298; *Meadows*, 2006 WL 2864313. A district court explained,

> [I]t seems illogical that delivery to an agent who derives his authority from a state statute is sufficient service when the same state statute provides the additional requirement that the summons and complaint be mailed by the agent to the person being served to start the time for pleading running.

*Masters*, 858 F. Supp. at 1186.

In *Meadows*, the plaintiff condominium association filed an action against its insurer in a Florida state court on May 1, 2006. 2006 WL 2864313, at *1. On June 7, 2006, the association served the summons and complaint on Florida's Chief Financial Officer, "who serves as agent for all insurers in the state for service of process." *Id.* On June 9, 2006, the Chief Financial Officer sent the summons and complaint via certified mail to the insurer's designated agent for service of process, which it received on June 13, 2006. *Id.* The insurer filed its Notice of Removal on July 10, 2006, within 30 days of receiving the lawsuit. *Id.*[3]

The association moved to remand the case to state court, arguing that the 30-day removal deadline began to run on June 9, 2006, "the date that the Florida Chief Financial Officer sent service of process to" the insurer's designated agent, and expired on July 9, 2006. *Id.* at *2. In contrast, the insurer argued that the 30 days began to run on the date its designated agent received the summons and complaint from the Chief Financial Officer. *Id.* at *3. The court agreed with the insurer and denied the association's motion to remand, finding that "[w]hen service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually

---

[3] The Removal Petition in *Meadows* initially omitted the Civil Cover Sheet, which was filed the next day, still within the 30 days. *Meadows Springlake Condo. Ass'n, Inc. v. Allstate Ins. Co.*, No. 806-CV-1282T-17MAP, 2006 WL 2864313, at *1 (M.D. Fla. Oct. 5, 2006).

has received a copy of the complaint." *Meadows*, 2006 WL 2864313, at *3.  The court further explained that

> statutory agents are not true agents but are merely a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for seeking removal begins to run only when the defendant or someone who is serving as the defendant's agent in fact receives the process.

*Id.* (citing *Hiberna Cmty. Dev. Corp. v. U.S.E. Cmty. Servs. Group*, 166 F. Supp. 2d 511, 513 (D. La. 2001)).  Service on the statutory agent is insufficient to trigger the 30-day removal deadline.  *Meadows*, 2006 WL 2864313, at *4 (noting "that the principles of fairness bar the thirty days from commencing upon statutory agent acceptance of process").  Instead, "the thirty days cannot begin until the defendant, or its agent, receives service." *Id.*

This case is even more straightforward than *Meadows*.  Here, the summons and complaint were sent by the Chief Financial Officer and received by State Farm's designated agent on the same day: January 25, 2021.  This is the date on which State Farm first received notice of this lawsuit.  Under the plain language of 28 U.S.C. § 1446(b)(1), the notice of removal "shall be filed within 30 days **after the receipt by the defendant**, through service or otherwise, of a copy of the initial pleading. . . ." (emphasis added).  Florida cases interpreting the timeliness of removal are consistent.  Love's argument that the 30 days began to run when he

served the Chief Financial Officer on January 13, 2021, before State Farm even knew the lawsuit was filed, is contrary to established law. State Farm's deadline to remove the lawsuit was February 24, 2021, 30 days after it first received notice of the lawsuit through service of the summons and complaint on its designated agent on January 25, 2021. State Farm's removal on February 24, 2021, was timely, and Love's Motion to Remand should be denied.

### III. CONCLUSION

For the foregoing reasons, State Farm respectfully requests that this Court deny Love's Motion to Remand.

This 8th day of April, 2021.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Kristen M. Vigilant*
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
***Attorneys for State Farm Florida Insurance Company***

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

## LOCAL RULE 5.1C CERTIFICATION

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1C.

Respectfully submitted this 8th day of April, 2021.

                              SWIFT, CURRIE, McGHEE & HIERS

                              */s/  Kristen M. Vigilant*
                              Rebecca E. Strickland
                              Georgia Bar No. 358183
                              Kristen M. Vigilant
                              Georgia Bar No. 191460
                              ***Attorneys for State Farm Florida***
                              ***Insurance Company***

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify I have this day electronically filed ***Defendant State Farm Florida Insurance Company's Response in Opposition to Plaintiff's Motion to Remand*** with the Clerk of Court via the CM/ECF system, through which the Court will send notification to the following attorney:

Jamie B. Hernan, Esq.
The Hernan Law Firm, P.C.
10896 Crabapple Road
Roswell, Georgia 30075
jamie@hernanfirm.com
*Attorney for Plaintiff Lonnie Love*

This 8th day of April, 2021.

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Kristen M. Vigilant*
Rebecca E. Strickland
Georgia Bar No. 358183
Kristen M. Vigilant
Georgia Bar No. 191460
***Attorneys for State Farm Florida Insurance Company***

1355 Peachtree Street, N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
rebecca.strickland@swiftcurrie.com
kristen.vigilant@swiftcurrie.com